**Bob Dale McDANIEL,
Petitioner-Appellant,**
v.
**STATE OF OKLAHOMA,
Respondent-Appellee.**

No. 76–2010.

United States Court of Appeals,
Tenth Circuit.

Aug. 25, 1978.

Certiorari Denied Nov. 13, 1978.
See 99 S.Ct. 462.

Ray A. Gunning, Boulder, Colo., for petitioner-appellant.

John F. Fischer, II, Asst. Atty. Gen., Oklahoma City, Okl. (Larry Derryberry, Atty. Gen., Oklahoma City, Okl., with him on the brief), for respondent-appellee.

Before SETH, Chief Judge, and McWILLIAMS and McKAY, Circuit Judges.

McKAY, Circuit Judge.

Petitioner is appealing from an order of the United States District Court for the Western District of Oklahoma denying habeas corpus relief sought pursuant to 28 U.S.C. § 2254. We affirm for the reasons stated below.

Petitioner was convicted in the District Court of Oklahoma County of sodomy, rape and assault with a deadly weapon. Judgment and sentences were affirmed on direct appeal to the Oklahoma Criminal Court of Appeals. *McDaniel v. State*, 509 P.2d 675 (Okl.Cr.1973). He then petitioned the United States District Court for the Western District of Oklahoma for a writ of habeas corpus. His petition was dismissed for failure to exhaust remedies available in the state courts. He then filed an application for post-conviction relief in the District Court of Oklahoma County. Following a full evidentiary hearing, the state district court denied his application and the Oklahoma Criminal Court of Appeals affirmed the denial of post-conviction relief.

Having exhausted available state remedies, petitioner turned again to the federal courts for relief, claiming the state courts erred in allowing into evidence a pocket knife seized during a warrantless search of his parked car following his arrest. On appeal to this court petitioner claims the district court erroneously denied his petition for writ of habeas corpus.

This case is controlled by *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), and its progeny. In *Stone v. Powell*, the Supreme Court held that

> where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial.

*Id.* at 494, 96 S.Ct. at 3052. Petitioner contends the knife should have been excluded as the fruit of an unconstitutional search and seizure. Relying on *Stone v. Powell*, the federal district court held petitioner was not entitled to an evidentiary hearing and denied his petition for writ of habeas corpus.

The record does not show that petitioner moved to suppress the pocket knife prior to trial in the state courts. From the record it is apparent, however, that he objected to the introduction of this evidence at trial and that the court admitted the evidence over his objection. Petitioner subsequently presented this issue on direct appeal. *McDaniel v. State*, 509 P.2d at 681. Furthermore, the legality of the search and seizure producing the pocket knife was considered in a full evidentiary hearing conducted on his application for post-conviction relief pursuant to Okla. Stat. tit. XXII, §§ 1080 *et seq.* (1971). The denial of post-conviction relief was affirmed on appeal to the Oklahoma Criminal Court of Appeals.

We are convinced by our careful examination of the record that the state provided and petitioner received an opportunity to fully and fairly litigate his Fourth Amendment claims. Petitioner's primary complaint on this appeal is that the Oklahoma Criminal Court of Appeals skirted the illegal search and seizure issue when it refused to rule directly on the admissibility of the pocket knife, and entered a harmless error ruling as follows:

> Defendant lastly contends that the trial court erred in allowing the introduction of the pocket knife found on the front seat of defendant's car after defendant had been arrested and taken into custody. . . . A reasonable view of the record indicates other substantial evidence from which the jury could find the defendant guilty. It is thus apparent that the jury

could not have been prejudiced by the admittance of the pocket knife.

*McDaniel v. State*, 509 P.2d at 681.

Petitioner contends that this harmless error ruling, absent a discussion of the pocket knife's inadmissibility, did not afford him full and fair consideration of his Fourth Amendment claim by the state court on direct appeal. It is clear, however, that *Stone v. Powell* was decided on facts essentially the same as those presented by this appeal. In *Stone v. Powell*,

> [a]lthough the [Fourth Amendment] issue was duly presented [to the California District Court of Appeals], that court found it unnecessary to pass upon the legality of the arrest and search because it concluded that the error, if any, in admitting the testimony . . . was harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18, [87 S.Ct. 824, 17 L.Ed.2d 705] (1967).

428 U.S. at 470, 96 S.Ct. at 3040. On these facts the Court held that petitioner Powell had been afforded "an opportunity for full and fair litigation" of his Fourth Amendment claim. Similar state court harmless error rulings have been held to preclude habeas relief under the *Stone* standard. *E. g., Moore v. Cowan*, 560 F.2d 1298, 1300 (6th Cir. 1977).

We therefore conclude that the challenges which petitioner makes to the fullness or fairness of state court litigation regarding his Fourth Amendment claims are insufficient to meet the threshold established in *Stone*. Accordingly, the district court's denial of habeas corpus relief is affirmed.