37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Bob Dale McDANIEL, Petitioner-Appellant,
v.
R. Michael CODY; Attorney General For The State of
Oklahoma, Respondents-Appellees.
 No. 94-6217.
 United States Court of Appeals, Tenth Circuit.
 Oct. 14, 1994.
 
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Bob Dale McDaniel, a pro se litigant, seeks to appeal the district court's order dismissing his third petition for a writ of habeas corpus. The district court adopted the magistrate judge's recommendation that the petition be denied, based on a finding that the petition constituted an abusive petition under McCleskey v. Zant, 499 U.S. 467 (1991). The district court also denied Mr. McDaniel's request for a certificate of probable cause pursuant to 28 U.S.C. 2253. See Gallagher v. Hannigan, 24 F.3d 68, 68 (10th Cir.1994). Our jurisdiction arises under 28 U.S.C. 1291, and, for reasons given below, we grant the request for a certificate of probable cause and we affirm the denial of the petition for a writ of habeas corpus.
 
 BACKGROUND
 
 3
 Mr. McDaniel was convicted in Oklahoma state court of sodomy, rape, and assault with a deadly weapon based on events occurring in February 1971. His conviction and sentences were affirmed on direct appeal. See McDaniel v. Oklahoma, 509 P.2d 675 (Okla.Crim.App.1973). He then filed in federal district court his first habeas corpus petition, which was dismissed for failure to exhaust. See McDaniel v. Warden, No. 74-271-E (W.D. Okla.1974). In an effort to exhaust his claims, he returned to the state court system where he filed a postconviction petition. After a full evidentiary hearing, relief was denied on the merits. Mr. McDaniel then filed his second habeas corpus petition in federal district court. The sole claim he asserted was a Fourth Amendment claim that the state courts erred in allowing into evidence a pocketknife seized during a warrantless search of his car following his arrest. The district court again denied relief, and we affirmed, finding Mr. McDaniel's claim not cognizable under the rule of Stone v. Powell, 428 U.S. 465 (1976). See McDaniel v. Oklahoma, 582 F.2d 1242, 1243 (10th Cir.), cert. denied, 439 U.S. 969 (1978). Mr. McDaniel then filed yet another postconviction petition in the state courts. In September 1992, the Oklahoma Court of Criminal Appeals again affirmed the denial of his request for relief. In those proceedings, Mr. McDaniel raised issues relating to ineffective assistance of trial counsel in regard to the handling of the suppression issue, along with a double jeopardy claim. Mr. McDaniel then filed the present petition in federal court, his third, raising the ineffective assistance claim, the double jeopardy claim, an insufficient evidence claim, and a nebulous due process claim.
 
 
 4
 The magistrate judge recommended the petition be denied because it was an abusive petition[2] which Mr. McDaniel failed to justify under the "cause and prejudice" exception[3] to the abusive petition rule. See McCleskey, 499 U.S. at 493-95. The district court, over Mr. McDaniel's timely objections, adopted the recommendation and denied relief. On appeal, Mr. McDaniel asserts only the first three of the four claims he asserted before the district court. Specifically, he asserts the district court erred in finding he had not shown cause for why the claims now asserted in this petition were not asserted in his earlier petitions.
 
 DISCUSSION
 I.
 
 5
 As a threshold matter, we must determine the propriety of denying relief based on an alleged abuse of the writ. We agree with the magistrate judge's determination that the State's opposition to Mr. McDaniel's petition did not strictly comply with the requirements for raising the affirmative defense of abuse of the writ under McCleskey. The relevant passage from that decision is worth stating here.
 
 
 6
 When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that the petitioner has abused the writ.
 
 
 7
 McCleskey, 499 U.S. at 494 (emphasis added); see also Andrews, 943 F.2d at 1172 ("Once the state raises abuse of the writ and pleads it with particularity.").
 
 
 8
 Of the three requirements set forth in McCleskey--noting prior writ history, identifying claims asserted and alleging abuse of the writ--the State only complied with the third component. The imperfections in the State's assertion of this defense lies in the failure to spell out in any detail the petitioner's prior writ history and the nature of the various claims asserted in those proceedings and the failure to submit documentation from these earlier proceedings in support thereof. In other words, its opposition to the petition was not done with the requisite degree of "clarity and particularity" mandated by McCleskey. Because of this deficiency, the magistrate judge noted it retrieved the relevant documentation from Mr. McDaniel's prior writ actions itself in order to determine whether this was an abusive petition. If the State wishes to avail itself of this defense, then McCleskey clearly allocates the burden of compliance to the State. Judicial resources should ordinarily not be expended tracking down materials that are necessary to allow the judiciary to rule on the State's affirmative defense.
 
 
 9
 Notwithstanding the infirmity in the State's assertion of this defense, the State's responsive pleading did provide Mr. McDaniel with notice and an opportunity to respond to the claim of abuse of the writ. It is evident that Mr. McDaniel exercised this opportunity to respond to this defense as the magistrate judge's report and recommendation focuses on whether Mr. McDaniel made an adequate showing of "cause" to overcome the abusive petition bar. We therefore discern no prejudice to Mr. McDaniel from having this case resolved under abuse of the writ principles.
 
 
 10
 Furthermore, we commend the magistrate judge for taking the initiative to retrieve the applicable documentation from the archives in an effort to find the most efficient and practicable means of resolving this matter. We wish to make clear that while the magistrate judge was not obligated to choose this course of action, it was certainly within the magistrate judge's power to select this course of action. Cf. Hardiman v. Reynolds, 971 F.2d 500, 502-05 (10th Cir.1992) (concluding federal courts possess the power to raise nonjurisdictional matters sua sponte in a habeas corpus proceeding because these doctrines implicate values "that transcend the concerns of the parties to an action.").[4] Although Hardiman involved a procedural bar issue, whereas this case involves an abuse of the writ issue, both of these doctrines are grounded in the nonjurisdictional concerns of comity, efficiency, and the expenditure of judicial resources. Compare Coleman v. Thompson, 111 S.Ct. 2546, 2563-65 (1991) (procedural bar issues are grounded in concerns of finality and the appropriate balance between federal and state relations) with McCleskey, 499 U.S. at 490-93 (abuse of the writ is grounded in concerns of federalism, comity, finality and the exercise of judicial resources). Therefore, we conclude the abuse of the writ defense was properly raised as a defense to the claims contained in the petition. Accordingly, we must now decide whether it was properly applied to the case at bar.
 
 II.
 A.
 
 11
 Once the abuse of the writ defense is properly pled, "[t]he burden to disprove abuse then becomes petitioner's." McCleskey, 499 U.S. at 494; Andrews, 943 F.2d at 1172. In order to "excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom as those concepts have been defined in [the Supreme Court's] procedural default decisions." McCleskey, 499 U.S. at 494; Andrews, 943 F.2d at 1171. "Cause," in the procedural default context, has been described as an objective factor external to the defense that cannot fairly be attributed to the defendant. See Coleman, 111 S.Ct. at 2566; Murray v. Carrier, 477 U.S. 478, 488 (1986). If cause is shown, then the petitioner bears the burden of demonstrating "prejudice attributable thereto." Murray, 477 U.S. at 485.
 
 
 12
 We have carefully reviewed the record on appeal. We believe the magistrate judge correctly concluded Mr. McDaniel did not carry his burden of showing "cause" why the claims asserted in this petition could not have been raised in his earlier petitions. Because we cannot meaningfully add to the magistrate judge's comprehensive analysis of these issues, we affirm his decision to deny habeas corpus relief for substantially the same reasons set forth in its May 3, 1994, Report and Recommendation which was subsequently adopted by the district court.
 
 B.
 
 13
 Finally, in opposing Mr. McDaniel's petition for habeas corpus relief, the State, relying on our decision in Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir.1986), also requested an order prohibiting the petitioner from filing any further petitions asserting the same or similar issues. Neither the magistrate judge nor the district court addressed this issue and we decline to do so at this time. If the petitioner elects to file any subsequent petitions in federal court, then the district court, pursuant to the principles enunciated in Van Sickle, may consider whether this type of sanction is warranted based on the nature of the claims asserted therein.
 
 CONCLUSION
 
 14
 We grant Mr. McDaniel's request for a certificate of probable cause under 2253, and we AFFIRM the district court's order denying the request for habeas corpus relief based on an abuse of the writ.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 In opposing the petition, the State asserted this petition constituted a "successive and abusive" petition. Once a court finds a habeas petition constitutes either a "successive" or an "abusive" petition, the analysis governing whether the claims are cognizable is essentially the same. Analytically, though, there is a distinction between successive and abusive petitions. A petition reasserting claims already raised and adjudicated in an earlier habeas corpus petition constitutes a "successive" petition. See Andrews v. Deland, 943 F.2d 1162, 1172 (10th Cir.1991), cert. denied, 112 S.Ct. 1213 (1992). A petition containing claims that were not raised in an earlier habeas petition constitutes an "abusive" petition. See McCleskey, 499 U.S. at 490. Under these definitions, Mr. McDaniel's petition constitutes an abusive petition since the claims he now raises were not raised in his earlier petitions
 
 
 [3]
 The magistrate judge correctly noted that Mr. McDaniel could seek to overcome the abusive petition bar by making a separate showing that the failure to address the merits of his claim would otherwise result in a "fundamental miscarriage of justice." See McCleskey, 499 U.S. at 495. Mr. McDaniel, however, chose not to rely on this exception and the magistrate judge was thus correct in not addressing it. As such, we do not address it either
 
 
 [4]
 This case does not extend to the limits of Hardiman because the magistrate judge here did not raise this issue sua sponte (as it was pled by the State, albeit imperfectly). Instead, the magistrate judge simply acted on his own to fill in the deficiencies in the State's assertion of this defense