UNITED STATES COURT OF APPEALS
**Filed 12/20/96**
FOR THE TENTH CIRCUIT

BOB D. McDANIEL,

      Petitioner-Appellant,

v.

MICHAEL CODY, Warden,

      Respondent-Appellee.

No. 96-6040
(D.C. No. CIV-93-1605-C)
(W.D. Okla.)

BOB DALE McDANIEL,

      Petitioner-Appellant,

v.

STEVE HARGETT,

      Respondent-Appellee.

No. 96-6215
(D.C. No. CIV-96-192-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

We have granted appellant's motion to consolidate these habeas matters. See Fed. R. App. P. 3(b). In No. 96-6040, appellant appeals from the denial of his Fed. R. Civ. P. 60(b)(6) motion concerning his third habeas petition. In No. 96-6215, he appeals from the district court's order dismissing his fourth habeas petition. We affirm.[1]

1. No. 96-6040

This is the second occasion on which this case has been before us. Appellant initially appealed from the district court's order denying his third habeas petition as abusive. We affirmed in an unpublished order and judgment.

_____

[**] Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

[1] Each of these cases was filed prior to the signing of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132 (April 24, 1996). This court previously issued Mr. McDaniel a certificate of probable cause in each case. We therefore do not consider whether the appeals warrant a certificate of appealability. See Lennox v. Evans, 87 F.3d 431, 434 (10th Cir. 1996).

McDaniel v. Cody, No. 94-6217, 1994 WL 563422 (10th Cir. Oct. 14, 1994), cert. denied, 115 S. Ct. 1151 (1995). Approximately one year later, appellant filed his "Motion for Relief from Judgment or Order" in the district court. The district court denied the motion, and it is from this denial that appellant now appeals.

We review an order denying relief under Rule 60(b)(6) for abuse of discretion. State Bank of Southern Utah v. Gledhill (In re Gledhill), 76 F.3d 1070, 1080 (10th Cir. 1996). "[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 579 (10th Cir. 1996).

The district court relied on the general rule that a change in the law, or in the judicial view of an established rule of law, does not justify 60(b)(6) relief. See, e.g., Van Skiver v. United States, 952 F.2d 1241, 1245 (10th Cir. 1991). Appellant has cited authority indicating that a change in governing Supreme Court precedent may warrant relief under Rule 60(b)(6). See Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1491 n.9 (10th Cir. 1994). Even assuming that this authority applies here,[2] the district court did not abuse its

---

[2]     Metz was not a habeas case. Because appellant has failed to show his entitlement to Rule 60(b)(6) relief, we need not decide here whether a Rule 60(b) motion may be used as a means of obtaining successive review of habeas issues based on change of law without satisfying otherwise applicable rules concerning successive and abusive petitions.

discretion by denying appellant's Rule 60(b)(6) motion, because the changes in Supreme Court precedent appellant alleges do not justify relief.

In reviewing an order denying Rule 60(b)(6) relief, we are not concerned with the merits of the underlying judgment. Van Skiver, 952 F.2d at 1243. The alleged changes in the law are relevant here only to the extent that they should have caused the district court, in its sound discretion, to modify its earlier decision that appellant's third petition was abusive.

Neither of the Supreme Court cases upon which appellant relies, O'Neal v. McAninch, 115 S. Ct. 992 (1995), and Schlup v. Delo, 115 S. Ct. 851 (1995) has any effect on the abusiveness of appellant's petition. Neither creates a new, relevant rule of law which was not reasonably available to appellant or his counsel when he filed his previous habeas petitions. See McCleskey v. Zant, 499 U.S. 467, 494 (1991).[3] O'Neal clarifies the rule that habeas relief should be granted where the reviewing habeas court has grave doubts about whether an error of federal law affected the jury's verdict. 115 S. Ct. at 994-95. As the Supreme Court pointed out, however, O'Neal is supported by its earlier pronouncement on

---

[3]     The Antiterrorism and Effective Death Penalty Act amends 28 U.S.C. § 2244(b) by establishing new standards for evaluating successive and abusive claims. Application of the new law to appellant's claims would achieve the same result as we reach here under the former, "cause and prejudice" standard set out in McCleskey; we do not therefore consider whether the statute should be applied retroactively to appellant's claims.

-4-

this subject in <u>Kotteakos v. United States</u>, 328 U.S. 750, 764-65 (1946). <u>See</u> <u>O'Neal</u>, 115 S. Ct. at 995. <u>Kotteakos</u> was available to appellant when he filed his previous petitions.

<u>Schlup</u> clarifies the application of the "fundamental miscarriage of justice" standard for successive petitions, pertaining to a claim of actual innocence. 115 S. Ct. at 861, 864-66. Appellant did not rely, in either this petition or in his previous petition considered on the merits, on a claim of fundamental miscarriage of justice, however, <u>see</u> <u>McDaniel</u>, 1994 WL 563422, at **3 n.3; <u>McDaniel v. Oklahoma</u>, 582 F.2d 1242 (10th Cir. 1978).[4] We conclude that the district court did not abuse its discretion in denying appellant's Rule 60(b)(6) motion.

2. No. 96-6215

In this appeal, appellant challenges the district court's dismissal of his fourth habeas petition. He raised three issues in his petition. He admits his first issue is successive: the trial court's error in admitting a knife he alleges was illegally seized. Appellant contends that the claim is not barred, however, because the <u>O'Neal</u> case constitutes intervening, superseding authority. <u>O'Neal</u> comes into play only where a federal court determines that a constitutional error

---

[4]     The Oklahoma Court of Criminal Appeals determined that the jury was strongly convinced of appellant's guilt and that there was sufficient evidence to support his convictions. <u>McDaniel v. State</u>, 509 P.2d 675, 679-80 (Okla. Crim. App. 1973).

has been committed. 115 S. Ct. at 994. No such error has been found here. Rather, appellant's Fourth Amendment claim has been rejected because under the rule in Stone v. Powell, 428 U.S. 465, 482 (1976), federal courts are precluded from reviewing such claims where the petitioner has had a full and fair opportunity to fully litigate the claim in state court. See McDaniel, 582 F.2d at 1243. Moreover, as mentioned, he had the O'Neal rule available to him under the Kotteakos case when he filed his previous petitions. His illegal search issue is barred, therefore, as successive.

Appellant next raises a violation of Brady v. Maryland, 373 U.S. 83, 87 (1963), based on the prosecution's failure to disclose exculpatory evidence. As excuse for not bringing this claim in his previous petition, he claims that Schlup provides a new basis for a claim of actual innocence in connection with evidence which was not disclosed by the prosecution. He claims he has new exculpatory evidence to offer which meets the Schlup standard.

Schlup only allows a petitioner to pass through the procedural bar to his Brady claims if he "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." 115 S. Ct. at 861. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a

miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." Id. Appellant offers here no new evidence of actual innocence, other than his own affidavit concerning what he believes certain witnesses would have said, had they been called at trial. "[T]he 'actual innocence' gateway through a procedural bar is not intended to provide a petitioner with a new trial, with all the attendant development of evidence, in hopes of a different result . . . it is the petitioner's, not the court's, burden to support his allegations of 'actual innocence' by presenting new reliable evidence of his innocence." Battle v. Delo, 64 F.3d 347, 354 (8th Cir. 1995)(citations omitted), cert. denied, 116 S. Ct. 1881 (1996). Appellant has not met his burden here.

Finally, appellant alleges that his counsel was ineffective for failing to investigate witnesses and introduce exculpatory evidence. The district court found that this claim was successive, having been raised in his third habeas petition. We agree. Appellant relies on United States v. Galloway, 56 F.3d 1239 (10th Cir. 1995) and Brecheen v. Reynolds, 41 F.3d 1343 (10th Cir. 1994), cert. denied, 115 S. Ct. 2564 (1995). Neither case helps him here. Galloway does not purport to generally affect successiveness and abusiveness principles, which are applicable here. See Galloway, 56 F.3d at 1243. Brecheen concerns procedural bar under Oklahoma state law, not federal bar under successiveness/abusiveness

principles.  The claims in appellant's fourth habeas petition all are procedurally

barred, either as successive or abusive.

The judgments of the United States District Court for the Western District

of Oklahoma, appealed from in Nos. 96-6040 and 96-6215, are AFFIRMED.


Entered for the Court


Arthur L. Alarcon
Circuit Judge