**Marian W. BERGMAN, Plaintiff,**

v.

**SPRINT/UNITED MANAGEMENT COMPANY, et al., Defendants.**

**Civil Action No. 96–2077–GTV.**

United States District Court, D. Kansas.

March 21, 1997.

certified mail, and the return receipt was filed with the clerk on December 20, 1996 (Doc. 16). No response to the Order to Show Cause was filed, and on January 16, 1997, the court granted the motion to dismiss; all of plaintiff's claims against defendant Sprint/United Management Company were dismissed with prejudice for lack of prosecution. It is this dismissal which plaintiff's current motion seeks to set aside. The motion is granted.

■ The court presumes that plaintiff's motion is made pursuant to Fed.R.Civ.P. 60(b)(1), which provides for relief from a judgment or order on account of "mistake, inadvertence, surprise, or excusable neglect...." It appears to the court from the motion and supporting memorandum filed by plaintiff's counsel, that he is claiming excusable neglect in connection with his failure to respond to the show cause order. Counsel admits that he received the show cause order and prepared "a brief response." He also says that he gave directions that it be filed with the court. He further says that "[f]or reasons which are as yet unclear to counsel, the response apparently was never filed with the court."

Stephen J. Dennis, Fairway, KS, for Marian W. Bergman.

Karen R. Glickstein, Joel P. Brous, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, for Sprint/United Management Co. and Sprint Corp.

■ The grant of a Rule 60(b) motion and the determination of excusable neglect is a matter committed to the discretion of the court. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572 (10th Cir.1996); *City of Chanute, Kansas v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994).

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court on the *Motion to Set Aside Dismissal and Memorandum in Support* (Doc. 19) filed by counsel for plaintiff. In response to a Motion (Doc. 13) by defendant Sprint/United Management Company to dismiss plaintiff's complaint for lack of prosecution, on December 13, 1996, the court issued an Order to Show Cause (Doc. 15), which directed plaintiff to show cause in writing to the court on or before January 6, 1997, why the case should not be dismissed for lack of prosecution. The Order to Show Cause was served on plaintiff's counsel by

In *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993), the Supreme Court, in considering the late filing provisions of Bankruptcy Rule 9006(b)(1), observed that "[c]ourts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning.' *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311[314], 62 L.Ed.2d 199 (1979)." The Court also observed that the courts are permitted to accept late filing caused by "inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer, Id.*

The Court noted that this is a flexible understanding of excusable neglect. *Id.* at 389, 113 S.Ct. at 1495. The Court discussed provisions of the Federal Rules of Civil Procedure that are parallel to the late filing allowance of Bankruptcy Rule 9006, and in that discussion commented that the time extension provisions of Fed.R.Civ.P. 6 are applicable to time requirements found elsewhere in the rules unless expressly excepted. *Id.* at 389, n. 4, 113 S.Ct. at 1495, n. 4. The Court observed that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the party seeking relief from the time constraints of the rule. *Id.* at 391, 113 S.Ct. at 1496. The Court noted that the same is true of Rule 60(b)(1), *Id.* at 393, 113 S.Ct. at 1497, and that for the purposes of that rule " 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394, 113 S.Ct. at 1497.

The neglect must be excusable. *Id.* at 395, 113 S.Ct. at 1498. To make this determination, relevant circumstances surrounding the party's omission or failure to act in a timely way are to be considered. Those circumstances include "the danger of prejudice to the [other party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. at 1498. The lack of prejudice, the lack of impairment of the interests of efficient judicial administration, and good faith of the movant were said by the Court to "weigh strongly in favor of permitting the tardy claim." *Id.* at 398, 113 S.Ct. at 1499.

The court, in exercising that discretion, will focus on the four factors of the *Pioneer* analysis. In the case now before the court it does not appear that there is danger of prejudice to the defendants should the court grant plaintiff's motion. The court is not aware of any delay that has occurred inasmuch as plaintiff's claims were dismissed only as to one of the defendants, both of whom were represented by the same counsel, and appear to be companion business entities. The court assumes that the case has proceeded in a timely way against the defendant Sprint Corporation even though plaintiff's claims against Sprint/United Management Company have been dismissed. Thus it does not appear that the impact on these judicial proceedings will be unduly adverse if the dismissal of Sprint/United Management is set aside. The court does not find that counsel for plaintiff acted in bad faith—he was simply negligent, albeit profoundly so. The *Pioneer* factor which operates against the granting of plaintiff's motion is that the failure to respond to the show cause order was within the control of plaintiff's counsel. Applying all four factors, on balance the court concludes that the omissions of counsel constitute excusable neglect, and that the motion should be granted. The order dismissing plaintiff's claims against the defendant Sprint/United Management Co. should be set aside.

Although the court, in its discretion, has granted plaintiff's motion, this order should not be taken by plaintiff's counsel as condonation by the court of his haphazard and negligent conduct. Further lapses will not be so tolerantly treated by the court.

IT IS, THEREFORE, BY THE COURT ORDERED, that plaintiff's Motion to Set Aside Dismissal (Doc. 19) is granted, and that the Order of the court of January 16, 1997 (Doc. 17) dismissing plaintiff's claims against the defendant Sprint/United Management Co. is set aside.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**