**PUBLISH**

**UNITED STATES COURT OF APPEALS**

Filed 10/16/96

**TENTH CIRCUIT**

THOMAS D. CASHNER,

      Plaintiff-Appellant-Cross Appellee

v.

FREEDOM STORES, INC.,
EDUCATIONAL ENTERPRISES, INC.,
LEONARD MELLEY SR.,

      Defendants-Appellees-Cross
      Appellants,

and

LEONARD MELLEY JR., and JOHN
MELLEY,

      Defendants-Appellees.

No. 95-2005
No. 95-2019

**Appeal from the United States District Court
for the District of New Mexico.
(D.C. No. 91-CV-876)**

James A. Gillespie, Hinkle, Cox, Eaton, Coffield & Hensley, Roswell, New Mexico
(Richard E. Olson and Karolyn King Nelson, with him on the briefs), for Plaintiff-
Appellant-Cross Appellee.

Steven K. Sanders, Albuquerque, New Mexico, for Defendants-Appellees-Cross
Appellants.

Before **BRORBY, EBEL,** and **HENRY**, Circuit Judges.

**EBEL**, Circuit Judge.

Thomas Cashner appeals the district court's order granting relief to Defendants under Fed. R. Civ. P. 60(b) from orders incorporating the parties' settlement agreement and enforcing the settlement order. The district court granted the Defendants' Rule 60(b) motion on the grounds of mistake and impossibility, but nevertheless ordered Defendants to pay Cashner's attorney fees in the amount of $10,000. Cashner appeals the grant of the Defendants' Rule 60(b) motion, and Defendants cross-appeal the award of attorneys' fees to Cashner. We hold that no grounds were stated to support Rule 60(b) relief and accordingly we REVERSE the district court's order granting the Rule 60(b) motion. We VACATE the award to Cashner of attorneys' fees and REMAND for further proceedings.

## I.

Thomas Cashner initiated a diversity suit in federal district court against Leonard Melley, Sr., Leonard Melley, Jr., John Melley, Freedom Stores, Inc. and Educational Enterprises (hereinafter "Defendants") for breach of employment contract and defamation. On April 29, 1993, the parties filed a Stipulation for Settlement. The Stipulation provided that Defendants would pay Cashner $6,500 within ten days and deliver to Cashner collectible accounts receivable that Defendants had generated through

- 2 -

their retail store operations under the name of Freedom Stores, Inc. ("FSI"). The

principal amount of the accounts receivable was to total $1,000,000 and the accounts

receivable were to be delivered in four installments of $250,000 each. The installments

were to be made every four months, beginning within ten days of the entry of the

stipulation. Paragraph 2.D of the stipulation provided as follows:

> The accounts receivable delivered to Plaintiff shall be aged similarly to
> those accounts that are turned over, in a normal business practice, to the
> internal collection department of FSI and shall not have been previously
> turned over to any other collection department within any enterprise
> operated by Defendants or any outside collection agency. It is the intent of
> the parties that the accounts receivable being so turned over to Plaintiff for
> collection shall be those accounts which FSI has previously, in its normal
> business practice, delivered to its own internal collection department, from
> its retail store operations, after such accounts have become delinquent; the
> same typically being approximately ninety (90) days after default of the
> agreed payment schedule. . . . It is the intent of the parties that Plaintiff
> receives accounts that are no worse or no better than those received by the
> internal collectors of FSI.

The stipulation for settlement was incorporated into an order and judgment by the district

court which was filed on May 5, 1993.

Within ten days, the defendants paid the $6,500 and delivered accounts receivable

to Cashner. On July 15, 1993, Cashner moved for an order to show cause why

Defendants should not be held in contempt, claiming that the accounts receivable

delivered to him were not in compliance with the settlement agreement as incorporated

into the order and judgment. Specifically, Cashner alleged that "none of the accounts

delivered had been delinquent for 90 days or less, with some accounts having been

delinquent for eight years."[1]  Defendants responded that they had complied with the settlement agreement.

The district court referred the matter to a magistrate judge, who, after an evidentiary hearing, filed his proposed findings and recommended disposition on September 17, 1993.  The magistrate found that the stipulation was unambiguous, and that "FSI full[y] complied with its obligations and is not in violation of the Stipulation for Settlement."  In finding full compliance, the magistrate found that "[t]he accounts turned over to Cashner were of the same kind and quality as those retained by FSI for its own collection purposes."  Accordingly, the magistrate recommended that Cashner's motion to hold FSI in contempt be denied, and that Cashner be ordered to reimburse FSI for costs.  Cashner timely objected to the proposed findings and recommendation.

The district court, concluding that it had erred in referring the matter to a magistrate, engaged in a de novo review of the magistrate's findings.  In an order entered on November 19, 1993, the district court rejected the magistrate's conclusions, and found that Defendants were in violation of the settlement agreement. The district court found that under the agreement, Defendants were required to give Cashner accounts which were approximately 90 to 180 days past due. Although the court found the language of the agreement to be ambiguous, it relied on the language and evidence presented before the

---

[1]  Cashner also alleged noncompliance because the accounts had previously been turned over to Defendants' internal collection department.  However, both the magistrate and the district judge found that such action was not inconsistent with the agreement.

magistrate to determine the parties' intent. The court also agreed with Cashner that Defendants had violated the stipulation by delivering accounts worth only $250,000 where that amount included both principal and interest, as the stipulation "undisputably" called for $250,000 in principal amount.

Defendants filed a notice of appeal on December 15, 1993. However, they subsequently withdrew the appeal, which accordingly was dismissed on January 31, 1994. On January 18, 1994, Defendants filed in the district court a motion pursuant to Fed. R. Civ. P. 60(b) for relief from the court's earlier orders incorporating and then enforcing the settlement agreement. Rule 60(b) provides that the court may relieve a party from a final judgment or order for any one of five enumerated grounds, including "mistake," or "for any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

On August 30, 1994, the district court granted Defendants' motion on two grounds. First, it found that the motion should be granted "for 'mistake' because defendant Leonard Melley, Sr., was mistaken as to the terms of the Stipulation for Settlement and never intended to agree to the interpretation of Paragraph 2.D. that I have given to the language of paragraph 2.D." The court found that Melley had "misunderstood the meaning" of the paragraph. Second, the court found that the motion should be granted on the ground of impossibility of performance. It found "that the defendants simply do not generate sufficient accounts receivable to enable the defendants to comply with my

interpretation of paragraph 2.D. of the stipulation of settlement." The court noted that it earlier had found plaintiff entitled to attorneys' fees and costs incurred with respect to enforcing the agreement, and invited plaintiff to file again for such relief. Cashner accordingly moved for attorneys' fees, and the court awarded him $10,000 in attorneys' fees and costs incurred in connection with the motions to enforce and to vacate the settlement agreement.

After the stipulation was set aside, the case was tried and a judgment was entered in favor of the Defendants on all counts. Cashner now appeals the district court's action in setting aside the settlement agreement under Rule 60(b). Defendants cross-appeal the award of attorneys' fees to Cashner.

## II.

We have jurisdiction under 28 U.S.C. § 1291 to review an order granting a Rule 60(b) motion, when, after granting the motion, the district court has entered a final decision resolving the litigation on the trial court level. Stubblefield v. Windsor Capital Group, 74 F.3d 990, 994 (10th Cir. 1996). We review the grant of a Rule 60(b) motion only for an abuse of discretion. Oklahoma Radio Assocs. v. F.D.I.C., 987 F.2d 685, 697 (10th Cir. 1993). However, in determining whether a district court abused its discretion, we are mindful that "[r]elief under Rule 60(b) is extraordinary and may only be granted in

exceptional circumstances." Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909

F.2d 1437, 1440 (10th Cir. 1990).

Rule 60(b) provides, in relevant part:

On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed. R. Civ. P. 60(b). The district court granted relief based on both subsection (1) and

subsection (6). We may affirm if relief was appropriate on either ground, see Pelican

Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990), and therefore we examine

each provision in turn.

## A.      Rule 60(b)(1)

The district court granted relief under Rule 60(b)(1) "mistake" on the grounds that

"defendant Leonard Melley, Sr. was mistaken as to the terms of the Stipulation for

Settlement and never intended to agree to the interpretation of paragraph 2.D. that I have

given to the language of paragraph 2.D." Melley, the court found, had "misunderstood

the meaning" of the paragraph "and believed that he had agreed to an entirely different

manner of settling the plaintiff's claims." Cashner protests that such a "mistake" is not of

the sort contemplated by Rule 60(b)(1). We agree.

Rule 60(b)(1) provides:

- 7 -

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect;

Although earlier versions of this rule limited mistake to mistake of a party, the 1946 Amendment removed that restrictive qualification so that judicial mistakes are included within the scope of Rule 60(b). See Fed. R. Civ. P. 60(b) advisory committee notes; 7 Moore, Federal Practice ¶ 60.22[3], pg. 60-186.

However, Rule 60(b) is not intended to be a substitute for a direct appeal. Morris v. Adams-Millis Corp., 758 F.2d 1352, 1356-57 (10th Cir. 1985). Thus, as a general proposition, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order. 7 Moore, Federal Practice ¶ 60.22[2], pgs. 60-175-179 (listing some of the litigation mistakes which are appropriate for Rule 60(b)(1) relief); see also Thompson v. Kerr-McGee Refining Corp., 660 F.2d 1380, 1384-85 (10th Cir. 1981) (trial court did not abuse its discretion in vacating, pursuant to Rule 60(b)(1), dismissal for want of prosecution when plaintiff's failure timely to obtain attorney of record was in reliance on attorney's statement that this would not be necessary), cert. denied, 455 U.S. 1019 (1982); Security Mut. Cas. Co. v. Century Cas. Co., 621 F.2d 1062, 1067 (10th Cir. 1980) (recognizing that Rule 60(b)(1) can be used to correct judicial error of substantive law on a theory of mistake of law but

holding that a 115 day delay in filing such a motion was unreasonable); Rocky Mountain Tool & Machine Co. v. Tecon Corp., 371 F.2d 589, 597 (10th Cir. 1966) (allowing court to modify interest award under Rule 60(b) even though such relief would have been untimely under Rule 59).

If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party. "Generally speaking, a party who takes deliberate action with negative consequences . . . will not be relieved of the consequences [by Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate." 7 Moore, Federal Practice ¶ 60-22[2], p. 60-182. Similarly, Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts. In Otoe County Nat'l Bank v. W & P Trucking, 754 F.2d 881, 883-84 (10th Cir. 1985), a defendant failed to answer a complaint because he mistakenly believed that further proceedings against him had been stayed. He attempted to challenge the resulting default judgment entered against him on the basis of "mistake." We held that the district court did not abuse its discretion when it held that the defendant had failed to show "mistake" for purposes of Rule 60(b)(1) because the defendant's failure to answer was "an informed choice based on the advice of his co-defendant's counsel." Id. at 883. Similarly, in Cessna Finance Corp. v. Bielenberg Masonry, 715 F.2d 1442 (10th Cir. 1983), we held that the trial court did not abuse its discretion in denying a Rule 60(b)(1) motion to set aside a default

judgment when the defendant, a guarantor of a corporation's debt, erred, as an error of law, in concluding without the assistance of independent counsel that he would not be liable because his co-defendant, the corporation, had filed bankruptcy proceedings. We concluded that the defendant's decision not to defend was a conscious decision which precluded him from relief under Rule 60(b)(1). See also Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1995); Hoffman v. Celebrezze, 405 F.2d 833, 837 (8th Cir. 1969).

We also have held that Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) ("revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate."), cert. denied, 506 U.S. 828 (1992). Rather, those kinds of arguments must be addressed within the context of a Rule 59 motion. For other examples of the kinds of party mistakes that have been held not to state a claim under Rule 60(b)(1), see Wright, Miller & Kane, Federal Practice and Procedure, § 2858 at pp. 278-291.

By contrast, the kinds of mistakes by a party that may be raised by a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against, such as the

party's counsel acting without authority of the party to that party's detriment. See Thompson v. Kerr-McGee Refining Corp., 660 F.2d 1380, 1384-85 (10th Cir. 1981) (granting relief under Rule 60(b)(1) when litigation had previously been dismissed because of reliance upon attorney's advice that no appearance was necessary); Surety Insur. Co. of Calif. v. Williams, 729 F.2d 581, 582-83 (8th Cir. 1984) ("[A] judgment entered upon an agreement by the attorney may be set aside on affirmative proof that the attorney had no right to consent to its entry") (internal quotation marks omitted). Rule 60(b)(1) relief has also been granted upon a showing of a party's excusable failure to comply with procedural rules. Wallace v. McManus, 776 F.2d 915, 917 (10th Cir. 1985) (per curiam) (finding "excusable neglect" under Rule 60(b) when a pro se prisoner let an appeal deadline lapse after notice of the entry of judgment was sent to her former attorney rather than to her). [2]

Here, it is not at all clear that Melley is truly arguing party litigation mistake as defined above. Although the district court stated that Melley was mistaken when he entered into the Stipulation because he did not intend to agree to the interpretation subsequently given by the court, that is not the kind of mistake contemplated under Rule

---

[2] When a party asserts an excusable failure to comply with procedural requirements, we have often imposed an additional requirement for Rule 60(b)(1) relief that the party demonstrate that his or her claim is "meritorious." Otoe County Nat'l Bank v. W & P Trucking, 754 F.2d at 883 (10th Cir. 1985) (quoting Cessna, 715 F.2d at 1445). We need not address that issue here because Melley has failed to meet the threshold requirements for Rule 60(b)(1) relief.

60(b)(1). Rather, that kind of mistake pertains to the New Mexico <u>contract doctrine</u> of allowing rescission of a contract where the parties enter into the contract under a mutual mistake where there is no meeting of the minds. <u>Jacobs v. Phillippi</u>, 697 P.2d 132, 134-35 (N.M. 1985).[3] Rule 60(b) does not provide relief for mistakes made in the negotiation of a contract or a stipulation (which is treated like a contract). Rather, Rule 60(b)(1) deals with mistakes that occur in the <u>judicial process</u> of enforcing whatever rights might arise from the historic facts. Here, Melley's mistake arose in connection with negotiating the underlying stipulation and not in connection with the subsequent enforcement of the stipulation by the court.

In any event, it is undisputed that Melley consciously entered into this stipulation with advice of counsel. Rule 60(b)(1) is not available to provide relief when a party takes deliberate action upon advice of counsel and simply misapprehends the consequences of the action. 7 Moore, <u>Federal Practice</u>, ¶ 60-22[2], p. 60-182; <u>Otoe County Nat'l Bank</u>, 754 F.2d at 883-84. <u>See</u> <u>also</u> <u>Thompson v. Kerr-McGee Refining Corp.</u>, 660 F.2d. at 1385; <u>Surety Insur. Co. of Calif. v. Williams</u>, 729 F.2d at 583.

We turn, then, to the possibility that Melley is arguing that the district court's interpretation of the Stipulation is a mistaken substantive ruling and that the mistake,

---

[3] The district court found only unilateral mistake by Melley. Of course, Melley's mistake as to the interpretation on the contract could not even satisfy New Mexico's contract doctrine of allowing rescission upon unilateral mistake unless Melley could show that Cashner knew or should have known of Melley's mistake during contract negotiations yet did nothing. <u>Jacobs</u>, 697 P.2d at 134-35.

- 12 -

therefore, is a judicial one rather than a mistake by the parties. The Tenth Circuit has made it clear that certain substantive mistakes in a district court's rulings may be challenged by a Rule 60(b)(1) motion. See Security Mut. Cas., 621 F.2d at 1067; Van Skiver v. U.S., 952 F.2d at 1244; Rocky Mountain Tool, 371 F.2d at 597. However, when Rule 60(b)(1) is used to challenge a substantive ruling by the district court, we have required that such a motion be filed within the time frame required for the filing of a notice of appeal. That is, we have construed the requirement in Rule 60(b)(1) that "the motion shall be filed within a reasonable time" in this situation to be contemporaneous with the time constraints for taking a direct appeal. Van Skiver v. U.S., 952 F.2d 1241, 1244 (10th Cir. 1991) ("relief may be granted under Rule 60(b)(1) on a theory of mistake of law, when . . .the Rule 60(b) motion is filed before the time to file a notice of appeal has expired.") (citing Morris v. Adams-Millis Corp., 758 F.2d 1352, 1358 (10th Cir. 1985). See, also Thompson v. Kerr-McGee Refining Corp., 660 F.2d at 1385 (indicating that Rule 60(b) motions to vacate mistakes of law are governed by the thirty day appeals deadline).

Here, Melley faces several obstacles in seeking Rule 60(b)(1) relief for judicial mistake. First, the district court never concluded that it had made a judicial mistake in interpreting the Stipulation as it did. When it addressed mistake, it was referring to the contract doctrine of mistake which, as noted above, is doctrinally separate from the kind of litigation mistake contemplated under 60(b)(1). However, in any event, to the extent

that Melley's Rule 60(b)(1) motion asserts judicial mistake, it was not filed "within a reasonable time." Although Melley timely filed a notice of appeal from the district court's rulings, he subsequently withdrew it and the appeal was dismissed.[4] The Rule 60(b)(1) motion was not filed within the 30 day appeal time; thus, Melley's Rule (60)(b)(1) motion asserting judicial mistake was not timely filed. See Van Skiver, 952 F.2d at 1244.

Therefore, however Melley's Rule 60(b)(1) motion is interpreted, he has failed to state a claim for relief under that rule.

## B.     Rule 60(b)(6)

---

[4] Notwithstanding some ambiguous dicta in Morris v. Adams-Millis Corp., 758 F.2d at 1358, we have not previously ruled on whether filing a notice of appeal tolls the time in which a Rule 60(b) motion may be filed, although the clear language in Van Skiver and Thompson suggest that a Rule 60(b) motion alleging judicial mistake must meet the same time restraints of an appeal. We agree with Professor Moore when he suggests that "an appeal from the final judgment does not enlarge the time within which to move for relief under 60(b)." 7 Moore, Federal Practice ¶ 60.30[1], pg. 60-330. And, of course, a Rule 60(b) motion does not toll the time for taking a direct appeal. Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995). Therefore, a litigant who wishes to pursue both avenues simultaneously should file both a notice of appeal and a Rule 60(b) motion within 30 days of the final judgment. We have held that such a dual filing is allowed, and that the district court may deny a 60(b) motion without seeking leave from us even though the case was then on appeal. Aldrich Enterprises v. U.S., 938 F.2d 1134, 1143 (10th Cir. 1991). However, the district court must notify us if it intends to grant the Rule 60(b) motion and seek a remand for that purpose. Id.; Calva Products v. Beal, Bridgeforth & Beal, 1995 WL 681484 **1,2 (10th Cir. 1995) (Unpublished Disposition). Upon such notification, we will ordinarily grant leave because the trial court will most likely be in a better position initially to assess the merits of the Rule 60(b) motion. See Spence v. Allstate Ins. Co., 883 S.W.2d 586, 596 (Tenn. 1994).

Clause (6) of Rule 60(b) provides that "relief may be granted for "any other reason justifying relief from the operation of the judgment." The district court invoked this provision as an alternate basis for relief based on its conclusion that the defendants do not generate sufficient accounts receivable to comply with the stipulation as interpreted by the court. The parties dispute whether, under New Mexico law, there was impossibility of performance of the agreement. We need not reach this question, however, because even assuming that Defendants' performance is impossible as a matter of contract law, such impossibility does not, without more, warrant relief under Rule 60(b)(6). See Greenspahn v. Joseph E. Seagram, 186 F.2d 616 (2d Cir. 1951) (denying 60(b)(6) relief upon defendant's claim of impossibility where the defendant could have discovered its impossibility problem during the negotiation of the consent decree, and where the district court had the ability to fashion a remedy that avoided any impossibility problems).

Rule 60(b)(6) has been described as a "grand reservoir of equitable power to do justice in a particular case." Pierce v Cook & Co., 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (internal quotation marks omitted), cert. denied, 423 U.S. 1079 (1976). However, a district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice. Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 729 (10th Cir. 1993). We have sometimes found such extraordinary circumstances to exist when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable. See, e.g., Zimmerman v. Quinn, 744

- 15 -

F.2d 81, 82-83 (10th Cir. 1984) (upholding 60(b)(6) modification of stipulated judgment to allow the receiving party to escape tax liability for the transferred amount for a one year period when both parties had expected funds transfer to occur within sixty days and it did not occur for almost eighteen months); State Bank v. Gledhill (In re Gledhill), 76 F.3d 1070, 1081 (10th Cir. 1996) (upholding 60(b)(6) relief and agreeing with bankruptcy court's conclusion that "the circumstances of the case had changed significantly since" the judgment). Here, however, there has been no showing of an unanticipated intervening change of circumstances. The only event not contemplated by Defendants was that the district court would disagree with their proffered interpretation of the settlement agreement, and that is not the kind of intervening event contemplated by Rule 60(b)(5). "[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests." 11 Wright, Miller, & Kane, Federal Practice and Procedure § 2864, p. 359 (citing Ackermann v. United States, 340 U.S. 193, 198 (1950)).

In Ackermann, Ackermann failed to appeal from a judgment canceling his naturalization because he had been advised by an attorney that he would need to sacrifice his home in order to file the appeal. When Ackermann's brother, in the same case, did appeal from the judgment and succeeded in having the complaint against him dismissed, Ackermann argued he was entitled to relief under Rule 60(b)(6). The Supreme Court held that Ackermann had made a considered and free choice not to appeal, and "cannot be

relieved from such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong. . . . There must be an end to litigation someday." 340 U.S. at 198. Like Ackermann, Defendants made a free, counseled, deliberate choice whose consequences in hindsight are unfortunate. Relief under Rule 60(b)(6) is appropriate when circumstances are so "unusual or compelling" that extraordinary relief is warranted, or when it "offends justice" to deny such relief. Pelican Prod., 893 F.2d at 1147. We find nothing sufficiently "unusual or compelling" about making a bad bargain to warrant relief under Rule 60(b)(6). See Schwartz v. United States, 976 F.2d 213, 218 (4th Cir. 1992) (affirming district court's refusal to grant Rule 60(b)(6) relief on grounds of mutual mistake from judgment entered pursuant to settlement agreement; "We find no meaningful distinction from a motion asking for relief from a decision not to appeal, as in Ackermann, and one that asks for relief from a decision to settle."), cert. denied, 507 U.S. 919 (1993).

We recognize that "[t]he district court has substantial discretion in connection with a Rule 60(b) motion." Pelican Prod., 893 F.2d at 1146. However, it is an abuse of discretion to grant relief where no basis for that relief exists. Defendants have alleged only a unilateral mistake as to the meaning of the stipulation terms that led to their entering into an improvident bargain. "Stipulated judgments negotiated in open courts are not to be easily set aside. Such judgments are as final as those entered following trial." V.T.A., Inc. v. Airco, 597 F.2d 220, 226 (10th Cir. 1979). Were we to affirm the

grant of Rule 60(b) relief here, we would "upset the delicate balance between the finality of judgment and justice that Rule 60(b) seeks to maintain." Id. The district court's grant of Defendants' Rule 60(b) motion is therefore reversed.

## III.

Defendants cross-appeal the district court's award to Cashner of attorneys' fees. The district court ruled that

> plaintiff is entitled to reasonable attorney's fees and costs incurred in connection with plaintiff's "Motion for Order to Show Cause" and in regard to defendants' "Motion for Relief from Stipulation for Settlement." I note that Rule 60(b) of the Federal Rules of Civil Procedure allows the court the discretion to grant relief to a party from a final order or judgment upon "such terms as are just." Civ. R. 60(b). I will determine the reasonableness of the amounts for attorney's fees and costs, as well as what terms are just after further input from defendants.

After further pleadings, the district court ordered that Cashner be awarded $10,000 in attorneys' fees and costs.

As Defendants' note, the only authority relied on by the district court for awarding attorneys' fees was Rule 60(b)'s provision that relief from a judgment may be granted "upon such terms as are just." Because we find that the district court improperly granted Rule 60(b) relief, it follows that the award of attorneys' fees must also fail. We therefore vacate the award of attorneys' fees in connection with Rule 60(b).

## IV.

- 18 -

For the foregoing reasons, the district court's order of August 30, 1994 is REVERSED. The district court's January 17, 1995 order awarding plaintiff attorneys' fees is VACATED. The case is REMANDED for further proceedings consistent with this opinion.