Fletcher D. and Ruth SAPP, Plaintiffs,

v.

Lee GREIF, Defendant,

and

National Union Fire Insurance Co. of Pittsburgh, PA., Garnishee.

No. 96–2003–JWL.

United States District Court, D. Kansas.

May 22, 1997.

Fletcher D. Sapp, Kansas City, KS, pro se.

Ruth Sapp, Kansas City, KS, pro se.

Barry W. McCormick, J. Tyler Peters, Payne & Jones, Chtd., Overland Park, KS, for David Herndon.

Sharon A. Stallbaumer, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for David W. Frantze, Stinson Mag & Fizzell P.C.

Benjamin F. Mann, Terrance M. Summers, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, MO, Mary Jo Barry, D'Amato & Lynch, for National Union Fire Ins. Co. of Pittsburgh, Pa.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

### I. Introduction

This case comes before the court on the plaintiffs' motion for reconsideration, purportedly pursuant to Fed.R.Civ.P. 60(b), of the court's Order dated March 13, 1997, granting the Garnishee summary judgment (Doc. # 123); the plaintiffs' motion to compel discovery (Doc. # 124); the plaintiffs' motion to stay execution of judgment and Order entered March 13, 1997, pursuant to Fed. R.Civ.P. 62 (Doc. # 125); and the plaintiffs' motion to depose David Herndon (Doc. # 126). For the reasons discussed below, the court denies the plaintiffs' motion to reconsider and, as a result, denies the plaintiffs' remaining motions as moot.

### II. Discussion.

Plaintiffs have set out in their papers that their motion to reconsider is brought under the provisions of Fed.R.Civ.P. 60(b). A Rule 60(b) motion is not a vehicle to re-argue the merits of the underlying judgment, to advance new arguments which could have been presented in the parties' original motion papers, or as a substitute for appeal. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576–77 (10th Cir.1996). Relief under Rule 60(b) is an extraordinary remedy and, therefore, may be granted only in exceptional circumstances. Id. The exceptional circumstances stated in Rule 60(b) are:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

None of these exceptional circumstances are presented by the plaintiffs' motion. The plaintiffs have not offered any argument demonstrating why Rule 60(b) warrants the relief they request. Rather, the plaintiffs argue that the court misperceived the facts, misperceived the significance of the issues involved, and failed to consider all evidence presented by them. These arguments are an improper basis for a Rule 60(b) motion. Cashner, 98 F.3d at 576–78. As a result, the court denies the plaintiffs' motion to reconsider pursuant to Fed. R.Civ.P. 60(b).

Construing the plaintiffs' *pro se* motion liberally, as required by *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991), the court believes that the plaintiffs probably mistakenly cited Rule 60(b) as the basis for their motion instead of D.Kan. Rule 7.3, which permits a Kansas Federal District Court to reconsider a previous decision. D.Kan. Rule 7.3 provides three bases for reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. D.Kan. Rule 7.3. However, the plaintiffs have also failed to demonstrate that any of D.Kan. Rule 7.3's bases are applicable and, as a result, the court also denies the plaintiffs' motion to reconsider to the extent it is based on D.Kan. Rule 7.3.

The court addressed the plaintiffs' arguments in detail in its previous order. The plaintiffs have not identified any new matter which was not available to them at the time they briefed the motion for summary judgment nor have they persuaded the court that it was incorrect in granting the Garnishee's motion. The court has carefully reviewed its previous memorandum and order and reaffirms its conclusion that the plaintiffs have failed to present evidence sufficient to raise a question of material fact with respect to their claims and that the Garnishee is entitled to summary judgment.

Based on the court's denial of the plaintiffs' motion to reconsider, the plaintiffs' motions to stay (Doc. # 125), to compel discovery from the Garnishee (Doc. # 124), and to depose David Herndon (Doc. # 126) are rendered moot and, as a result, are denied.

**IT IS THEREFORE ORDERED BY THE COURT** that the plaintiffs' motion to reconsider (Doc. # 123) is denied.

**IT IS FURTHER ORDERED** that the plaintiffs' remaining pending motions (Doc.s # 124, # 125, # 126) are denied as moot.

**IT IS SO ORDERED.**