F I L E D
United States Court of Appeals
Tenth Circuit

AUG 6 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOSE MACAIBA CANELL,

      Plaintiff-Appellant,

vs.

KEN McCLAIN,

      Defendant-Appellee.

No. 97-3281
(D.C. No. 97-CV-3124-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

---

      Plaintiff-Appellant Jose Macaiba-Canell, appearing pro se and in forma pauperis, appeals from the district court's denial of his letter motion for rehearing, which the court construed as a Fed. R. Civ. P. 60(b)(6) motion. Our jurisdiction arises under 28 U.S.C. §1291, and we affirm.

      We review the district court's denial of a Rule 60(b)(6) motion for abuse of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

discretion.  See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996).  In his complaint filed April 9, 1997, Mr. Macaiba-Canell alleges he was injured by a corrections officer on June 28, 1992.  The district court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Mr. Macaiba-Canell's Bivens claim is subject to Kansas's two-year general personal injury statute.  See Kan. Stat. Ann. § 60-513(a)(4) (1994); Industrial Constructors Corp. v.  United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994).  The face of the complaint indicates Mr. Macaiba-Canell's claim is time-barred, and we cannot say that the district court abused its discretion in determining that his tolling arguments were legally insufficient.  See Aldrich v. McCulloch Properties, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge