156 F.3d 1243
 98 CJ C.A.R. 4219
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose Macaiba CANELL, Plaintiff-Appellant,
v.
Ken McCLAIN, Defendant-Appellee.
 No. 97-3281.
 United States Court of Appeals, Tenth Circuit.
 Aug. 6, 1998.
 
 Before PORFILIO, KELLY, and HENRY, Circuit Judges.**
 ORDER AND JUDGEMENT*
 PAUL J. KELLY, JR., Circuit Judge.
 
 
 1
 Plaintiff-Appellant Jose Macaiba-Canell, appearing pro se and in forma pauperis, appeals from the district court's denial of his letter motion for rehearing, which the court construed as a Fed. R. Civ. P. 60(b)(6) motion. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.
 
 
 2
 We review the district court's denial of a Rule 60(b)(6) motion for abuse of discretion. See Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). In his complaint filed April 9, 1997, Mr. Macaiba-Canell alleges he was injured by a corrections officer on June 28, 1992. The district court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mr. Macaiba-Canell's Bivens claim is subject to Kansas's two-year general personal injury statute. See Kan. Stat. Ann. § 60-513(a)(4) (1994); Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). The face of the complaint indicates Mr. Macaiba-Canell's claim is time-barred, and we cannot say that the district court abused its discretion in determining that his tolling arguments were legally insufficient. See Aldrich v. McCulloch Properties, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980).
 
 
 3
 AFFIRMED.
 
 
 
 **
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3