Rodger L. PRICE, and Claudia E. Price, Plaintiffs,

v.

WALGREEN CO., Defendant.

No. 99–F–757(OES).

United States District Court, D. Colorado.

Aug. 5, 2004.

Brian J. Lampert, Lampert & Associates, LLC, Phil Cody Pearson, Ricky Alan Carmickle, Phil C. Pearson, M.D., J.D., Denver, CO, for Plaintiffs.

Andrew M. Low, Davis, Graham & Stubbs LLP, David Christopher Fawley, Joel A. Kolodny, Montgomery Kolodny Amatuzio & Dusbabek, LLP, Lorraine Elizabeth Parker, Leventhal, Brown & Puga, PC, Denver, CO, Peter S. Dusbabek, Montgomery Kolodny Amatuzio & Dusbabek, LLP, Fort Collins, CO, for Defendant.

## ORDER RE: PLAINTIFF'S MOTION UNDER RULE 60(b) TO MODIFY AMENDED JUDGMENT

FIGA, District Judge.

By Order dated June 16, 2004, this Court ordered the entry of an amended judgment reducing the original judgment entered on May 19, 2004 pursuant to the jury verdict at trial. The reason for this Court's reduction of the judgment was its finding that the Colorado Health Care Availability Act, C.R.S. § 13–64–101, *et seq.*, applied to the circumstances of this case. In the June 16, 2004 order the Court ordered reduction of various items in the original judgment which had been entered based upon the jury's verdict.

On July, 2004, plaintiffs filed a motion under F.R.Civ.P. 59(e) to modify the amended judgment to include the award for physical impairment without regard to the noneconomic damages limitation, arguing that the July 2003 amendments to the Colorado Health Care Availability Act damages limitations apply only to acts or omissions occurring on or after July 1, 2003. Since that motion under Rule 59(e) was not filed within ten days of the amended judgment, as calculated under Rule 6(a), the Court by order dated July 22, 2004, denied the motion as untimely under the filing deadlines established in Rule 59(e). Plaintiff promptly filed the instant motion on July 23, 2004 under Rule 60(b), asking this Court to grant relief under that rule from the asserted misapplication of the law that occurred when the Court ordered reduction of the judgment in its June 16, 2004 order. The Court believes the relief requested by the plaintiff can and should be granted for the following reasons.

Under Rule 60(b), a court may grant relief where the court has made a substantive mistake of law in the final judgment. *See Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir.1996). As noted in *Cashner*, Rule 60(b)(1) may be used to "correct judicial error of substantive law based on a theory of mistake of law" or, for example to modify an interest award even though such relief would have been untimely under Rule 59. *Id.* at 577. Here, this Court believes that Rule 60(b)(1) relief is appropriate for the amendment to the judgment sought by plaintiff.

As stated, the Court's Order dated June 16, 2004 reduced the original judgment based on this Court's finding that the Colorado Health Care Availability Act, C.R.S. § 13–64–101, *et seq.*, applied to the circumstances of this case. In calculating the effect that the statute had on the amount of the judgment, the Court stated in its June 16, 2004 Order:

[i]n the year 2003, the Colorado Legislature added a definition section to C.R.S. § 13–64–302 which defines "noneconomic loss or injury" and expressly includes within the definition damages due to "physical impairment or disfigurement." C.R.S. § 13–64–302(1)(a)(II)(A). Accordingly, at the time this case was submitted to the jury the noneconomic loss

cap of $250,000 under the statute included damages for physical impairment and disfigurement. This Court does not find that this change in the definition of non-economic loss should be applied only prospectively to cases where the act or omission giving rise to the losses occur after the date of the amendment, for if the legislature had so intended, it would have said so, as it did with the new cap of $300,000 that became effective also in July 2003.

Plaintiff argued in his Rule 59(e) motion, and re-argues in his Rule 60(b) motion, that the Court should reconsider this statement and the consequent effect on the judgment amount. The Court finds that plaintiff's request should be granted.

When defendant argued to the Court the applicability of the above-referenced July 2003 amendment to the damages limitation, it did not point out, and this Court did not discern, that the Act of the Colorado Legislature providing for the amendment did have a Section 5 entitled: "Effective date-applicability." The section provides: "This act shall take effect July 1, 2003, and apply to acts or omissions occurring on and after that date." (Chapter 271. Colo. Sessions Laws, p. 1787).

In opposition to plaintiff's Rule 59 motion, defendant argued that the July 2003 statutory change was not an "amendment" of the statute or a substantive change to the statute, but a "clarification." If that were so, defendant argues, the effective date making the amendments applicable to acts or omissions occurring after July 1, 2003 may not apply.

The Court cannot agree with this position. As recognized by both parties, the Colorado Supreme Court in 2001 in the case of *Preston v. Dupont*, 35 P.3d 433 (Colo.2001) ruled that the damages cap for "noneconomic" injuries contained in C.R.S. § 13-64-302(1), as it was then written, did not apply to physical impairment injuries.

The Colorado Supreme Court's ruling provided the controlling meaning of the statute when the decision was rendered. The Act passed by the legislature in 2003 was intended to address this application of the law, and change the meaning to be what is now provided for in the statute, namely that: "Noneconomic loss or injury means nonpecuniary harm for which damages are recoverable by the person suffering the direct or primary loss or injury, including ... physical impairment or disfigurement ...." C.R.S. § 13-64-302(1)(a)(II)(A). This language became part of the statute only as a result of the Act passed in 203 by the Colorado Legislature. Therefore, when Section 5 of that Act states: "This act shall take effect July 1, 2003, and apply to acts or omissions occurring on and after that date," this Court understands that to mean the entire Act, including the new definition of noneconomic loss. There is no basis for defendant's argument that the statutory change is some kind of clarification that is not covered by the effective date language. Further support for this result is provided by the recent decision of the Colorado Supreme Court in *Garhart v. Columbia/Healthone, L.L.C.*, 95 P.3d 571 (Colo. 2004), in which that court expressly, albeit in *dicta*, stated that the 2003 amendment to the HCAA definition of noneconomic loss to include physical impairment was prospective, and not applicable to a case which occurred in 1996. 95 P.3d 571, 578 n. 5.

Thus, contrary to what this Court stated in its order, the Colorado Legislature did specify that the inclusion of physical impairment damages within the noneconomic loss or injury limitation would only apply prospectively. There is no dispute in this case that the act or omission which caused the physical impairment to plaintiff Rodger Price occurred well before July 1, 2003. Accordingly, the Court's Order of June 16, 2004 was incorrect in ruling that the jury's

award to plaintiff Rodger Price of $400,000 for physical impairment should be included in the noneconomic loss limitation.

The Clerk of the Court is directed to enter a second amended judgment in accordance with this Order that includes as a separate item of damages award the amount of $400,000 for physical impairment, plus the prejudgment interest property awarded as to that amount.