**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDWARD G. NOVOTNY, in his
individual capacity as Trustee of
MIDWEST LIMITED and SUNRISE
INVESTMENTS; ETTA B.
NOVOTNY,

Defendants-Appellants,

STATE OF COLORADO,
DEPARTMENT OF REVENUE,

Defendant-Appellee.

No. 05-1048
(D.C. No. 99-RB-2196 (PAC))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **O'BRIEN** , **HOLLOWAY** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Edward and Etta Novotny, appearing *pro se,* appeal from a post-judgment order correcting the legal description of real estate involved in a federal tax foreclosure action. We affirm.

The United States brought suit to reduce to judgment assessments against Mr. Novotny for income taxes for tax years 1989, 1990, and 1991, along with penalties and interest, and to foreclose liens upon several parcels of real property. The district court entered judgment and ordered the properties sold. One half of the sale proceeds were to be applied to Mr. Novotny's federal tax liability, and upon satisfaction of this liability, remaining funds to his state tax liability. The other half of the proceeds were to be paid to Mrs. Novotny. The court also entered a deficiency judgment against Mr. Novotny and in favor of the United States in the event proceeds of the sale did not satisfy the federal tax debt. On appeal, this court affirmed.

Prior to the sale of one of the properties, the government informed the Novotnys that it had discovered an error in the legal description set out in the order of foreclosure and decree of sale. The Novotnys filed a motion to vacate the order and decree; the government filed a motion under Fed. R. Civ. P. 60 to

correct the legal description.  The district court denied the Novotnys' motion, and granted the government's request.  This appeal followed.

We review the district court's rulings on the parties' post-judgment motions "only for an abuse of discretion."  *Cashner v. Freedom Stores, Inc*., 98 F.3d 572, 576 (10th Cir. 1996) (reviewing ruling on Rule 60(b) motion).  *See also McNickle v. Bankers Life & Cas. Co*., 888 F.2d 678, 680 (10th Cir. 1989) (reviewing ruling on Rule 60(a) motion).  The Novotnys have advanced no comprehensible argument to support their claim that the district court abused its discretion by denying their motion to vacate.  Further, we perceive no abuse of discretion in the district court's grant of the government's motion, in that Rule 60 permits the correction of errors such as the inaccurate legal description at issue here. [1]

The judgment of the district court is AFFIRMED.  The Novotnys' pending motions are DENIED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[1]    Rule 60(a) provides for the correction of "[c]lerical mistakes in judgments" and "errors therein arising from oversight or omission" at any time.  Rule 60(b) allows the court to relieve a party from judgment on a motion filed "within a reasonable time" for any reason "justifying relief from the operation of the judgment."