**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4523-17T1

119 59 WNY, LLC,

 Plaintiff-Appellant,

v.

GUSTAVO MARTINEZ,

 Defendant-Respondent.

_____

   Submitted April 2, 2019 – Decided May 15, 2019

   Before Judges Yannotti and Rothstadt.

   On appeal from Superior Court of New Jersey, Law
   Division, Hudson County, Docket No. LT-012328-17.

   John V. Salierno, attorney for appellant.

   Kathleen A. Walrod, attorney for respondent.

PER CURIAM

Plaintiff appeals from the trial court's March 15, 2018 decision to vacate a consent judgment in this landlord-tenant dispute, and the subsequent dismissal of its complaint. We affirm.

I.

We briefly summarize the relevant facts and procedural history. Since at least 2009, defendant has leased apartment eleven in a building in the Town of West New York (the Town). During that time, defendant was the superintendent of the building and, as a result, paid a discounted monthly rent.

The building's prior owner, Jose Arze, sent defendant a notice to quit, and subsequently filed a complaint on June 15, 2016, seeking a judgment for possession under N.J.S.A. 2A:18-61.1(m) (landlord conditioned tenancy upon tenant's employment as a superintendent, janitor, or other capacity and such employment is being terminated). Defendant and Arze thereafter entered into a consent to enter judgment, whereby they agreed that defendant would "resume his duties as superintendent of the property and resume paying the discounted rent of $315.00."

In 2017, Arze informed the tenants in the building that he sold the premises to plaintiff. Thereafter, plaintiff sent defendant a notice to quit, which stated that defendant's employment as superintendent was terminated as of June

11, 2017. Plaintiff subsequently sent defendant another notice to quit which stated that the new monthly rent would be $984.89, and required defendant to sign an attached lease by September 30, 2017. Defendant did not sign the lease.

On October 3, 2017, plaintiff filed a verified complaint seeking a judgment of possession for failure to pay rent, N.J.S.A. 2A:18-61.1(a), for failure to pay rent after a rent increase, N.J.S.A. 2A:18-61.1(f), and for refusing reasonable changes in the terms and conditions at the end of the lease term, N.J.S.A. 2A:18-61.1(i).

On December 12, 2017, plaintiff and defendant executed a consent to enter judgment, which the parties placed on the record in court the same day. The settlement required defendant to file a grievance with the Town's Rent Control Board (RCB) to determine his apartment's legal rent. Defendant agreed to pay $646 monthly, without prejudice, until the RCB determined the legal rent for the apartment.

On January 5, 2018, plaintiff filed a certification pursuant to Rule 6:7-1(e) to enforce the settlement. Plaintiff asserted that defendant had not filed a grievance with the RCB and failed to pay the agreed-upon rent for January 2018. On January 16, 2018, defendant filed a certification with the court, in which he asserted that the RCB would not accept his grievance because he "do[es] not

contest [the] legal rent." He also stated he "tried to pay rent[, but plaintiff] w[ould] not accept it." On the same date, the judge ordered plaintiff to show cause why the previously-entered consent judgment should not be vacated.

The parties appeared in court on January 24, 2018. After hearing oral arguments from counsel, the judge found that it was impossible for defendant to comply with the consent judgment. The judge noted that the most recent rent registration that plaintiff filed with the RCB listed defendant's total rent as $320 per month. The judge stated that defendant could not ask the RCB to determine if monthly rent of $646 is permitted.

The judge required plaintiff to submit an application to the RCB within thirty days for a determination as to the monthly rent plaintiff could charge for defendant's apartment. The judge continued the matter for thirty days, and left the remaining settlement terms in place. On March 15, 2018, after hearing further argument by the parties' attorneys, the judge vacated the consent judgment and scheduled the matter for trial.

The parties appeared for trial on April 12, 2018. Plaintiff's attorney called David Sulimoni, one of plaintiff's managing members. Sulimoni testified that when plaintiff purchased the property, defendant was employed as the superintendent for the building. He stated that plaintiff terminated defendant's

A-4523-17T1

employment as the superintendent and thereafter proceeded to collect the full rental amount for the apartment.

Sulimoni also identified the 2017 rent registration statement that plaintiff had filed with the RCB, which listed plaintiff as the owner, Sulimoni as the superintendent, and defendant's monthly rent as $984.89. Sulimoni also identified the 2002 rent registration statement for the building, filed by a different owner before defendant's tenancy, which listed the monthly rent for a different apartment occupied by the superintendent, as $639.23.

The trial resumed on April 23, 2018. Defense counsel asked the judge to allow defendant's witness, Ana Luna, to testify before plaintiff completed the presentation of its case because she was the Town's rent control secretary and had been in court all morning. Plaintiff's counsel initially objected, but withdrew the objection and the judge allowed defendant to call Luna.

Luna testified that the RCB generally accepts a landlord's annual rent registration statement and the RCB does not review the statement unless requested to do so. She said the registration statements set forth the rent that the owner is collecting, and the annual increases that are permitted under the Town's rent control ordinance, which are based on the Consumer Price Index (CPI). Luna noted that the 2016 registration statement for plaintiff's building

 A-4523-17T1

reported that the monthly rent for defendant's apartment was $320, and the statement for 2017 reported that the new rent was $984.89. Luna stated that the 2017 statement does not "show the appropriate rent" and a matter was pending before the RCB to determine what the rent should be. She noted that the RCB was scheduled to hear the matter on May 21, 2018.

Plaintiff's counsel was cross-examining Luna, when the judge questioned whether plaintiff could establish the rent that it could lawfully charge for defendant's apartment. Defendant's attorney thereafter moved to dismiss the complaint, arguing that plaintiff could not prevail on its action for possession of the leased premises.

The judge pointed out that plaintiff had not completed the presentation of its case. The judge suggested that plaintiff's counsel speak with his client and consider accepting defendant's settlement offer of payment of an increased rent without prejudice, pending a decision by the RCB as to the amount of rent that plaintiff could lawfully charge. Plaintiff's counsel advised the judge that his client would not accept the offer.

Thereafter, defendant's attorney renewed her application for dismissal of the complaint. The judge stated that he was exercising his authority under Rule 611, and could curtail the matter in order "to avoid [the] needless consumption"

6

of time.  The judge noted that an application was pending before the RCB to determine whether plaintiff could charge defendant rent in the amount of $984.89 per month.  The judge stated

> This is a complaint for eviction based upon a failure to pay a rent increase and a refusal of reasonable changes in terms and conditions, a new lease – in essence, signing a new lease, failure to sign a lease with reasonable lease terms, one of which is agreeing to $984.89 rent increase.
>
> There's been no determination by the West New York [RCB] as to whether this landlord is, indeed, entitled to $984.89 rent.  It appears, and the facts seem to be on the landlord's side[,] that there was a credit given to this defendant for his services as a super[intendent].  The problem, however, is that whoever owned this building before this present landlord, instead of putting the base rent on the form, listed the discounted rent as the base rent.  And that now has to be corrected.  [It is] not for the [c]ourt to determine what the rent is; the [c]ourt has to wait and give full deference to the West New York [RCB], [which] on May 21st, 2018, will be . . . having a hearing for [the] purpose of [reviewing] all the rents for this building.
>
> [It is] not the [c]ourt's job to make that decision before the West New York [RCB] or to make that decision period.  There are mechanisms in place to address what the rent should be.  The parties can avail themselves of those administrative proceedings in the cities [before] the rent leveling boards if they ch[o]ose to. . . .  [U]ntil [the] time these parties get a decision, the last legal rent in this case that has not been

A-4523-17T1

challenged by anyone was $320 for apartment number [eleven].

So the complaint to evict [defendant] for failure to accept that rent has to be dismissed because the landlord has the burden to prove that the [$]984.89 is a legal rent and [the landlord cannot] do that today. [The landlord does not] have a determination from the [RCB]. The last time [the owner] had a legal rent was the [$]320 that had actually not been contested to by any party.

The judge added that he understood that ultimately plaintiff may be entitled to more than $320 per month in rent for defendant's apartment. The judge stated, however, that until the RCB hears the matter and makes a determination, plaintiff may not "move forward" with its action for possession of the premises.[1] This appeal followed.

## II.

On appeal, plaintiff argues the trial court erred by vacating the consent judgment memorializing the agreement between the parties. Plaintiff contends defendant failed to show that the consent judgment was entered fraudulently or that vacation of the judgment was warranted due to compelling circumstances.

---

[1] According to defendant, the RCB considered the matter in October 2018, and determined that the rent that plaintiff could lawfully charge for the apartment was $299.73 per month.

A-4523-17T1

Plaintiff also contends defendant failed to establish that he was unable to comply with the settlement terms.

"A consent judgment has been defined as an agreement of the parties under the sanction of the court as to what the decision shall be." Cmty. Realty Mgmt., Inc. v. Harris, 155 N.J. 212, 226 (1998) (quoting Stonehurst at Freehold v. Twp. Comm. of Freehold, 139 N.J Super. 311, 313 (Law Div. 1976)). A consent judgment is "both a contract and a judgment[;] it is not strictly a judicial decree, but rather in the nature of a contract entered into with the solemn sanction of the court." Ibid. (alteration in original) (quoting Stonehurst, 139 N.J. Super. at 313).

"[A] consent judgment may only be vacated in accordance with R[ule] 4:50-1." Ibid. (quoting Stonehurst, 139 N.J. Super. at 313). Rule 4:50-1 provides that:

> [T]he court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time for a new trial under R[ule] 4:49; (c) fraud (whether heretofore denominate intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it

is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

"Courts should use Rule 4:50-1 sparingly, in exceptional situations; the Rule is designed to provide relief from judgments in situations in which, were it not applied, a grave injustice would occur." Hous. Auth. of Morristown v. Little, 135 N.J. 274, 289 (1994). Moreover, a trial court's decision under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009); Little, 135 N.J. 274, 283 (1994)).

Here, the trial court did not cite Rule 4:50-1 when it vacated the consent judgment. Defendant argues, however, that Rule 4:50-1(a) and (e) authorized the court to set aside the judgment.

Rule 4:50-1(a) "encompass[es] situations in which a party, through no fault of its own, has engaged in erroneous conduct or reached a mistaken judgment on a material point at issue in the litigation." DEG, 198 N.J. at 262. The Rule "is intended to provide relief from litigation errors 'that a party could

A-4523-17T1

not have protected against.'" Id. at 263 (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)).

Rule 4:50-1(a) does not apply in these circumstances. Here, the parties entered into an agreement with the understanding that defendant could petition the RCB for a determination that the rent plaintiff intended to charge for his apartment was not authorized under the Town's rent control ordinance. It is undisputed that defendant attempted to file that petition, but the RCB refused to accept it. Defendant may have been mistaken in agreeing to seek review by the RCB, but this was a mistake he could have avoided by becoming familiar with the RCB's procedures.

Relief from the consent judgment was, however, permitted under Rule 4:50-1(e). To afford relief under this subsection of the rule, there must be a showing "of changed circumstances, and '[t]he party seeking relief bears the burden of proving that events occurred subsequent to the entry of a judgment that, absent the relief requested, will result in 'extreme' and 'unexpected' hardship.'" DEG, 198 N.J. at 265-66 (alteration in original) (quoting Little, 135 N.J. at 285).

As noted previously, defendant entered into the settlement agreement with the understanding that he could apply to the RCB and obtain a determination as

to the amount of rent plaintiff could lawfully charge for the premises. Defendant attempted to comply with this requirement, but the RCB refused to accept his petition. Defendant's inability to seek review by the RCB of the rent that plaintiff was lawfully permitted to charge for defendant's apartment was a "changed circumstance," which justified relief under Rule 4:50-1(e). Furthermore, failure to vacate the judgment would leave defendant with no recourse. He would either be required to pay the substantially higher rent or be removed from the leased premises.

On appeal, plaintiff argues that defendant could have filed a complaint with the RCB asserting that he was being overcharged, and that the RCB's staff erred by refusing to accept the petition. However, the record shows that the RCB's staff refused to accept the complaint. Whether the RCB's staff did so in error is beside the point. Because the RCB's staff refused to accept defendant's petition, defendant could not comply with the consent judgment.

We therefore reject plaintiff's contention that the trial court erred by vacating the consent judgment.

### III.

Plaintiff further argues that the trial court erred by dismissing its complaint because it had not finished Luna's cross-examination and it had not

completed the presentation of its case. Plaintiff argues that it was denied due process as a result of the court's premature dismissal of the complaint.

On appeal, plaintiff argues that in dismissing the complaint, the court failed to comply with Rule 4:37-2(b), which states that:

> After having completed the presentation of the evidence on all matters other than the matter of damages (if that is an issue), the plaintiff shall so announce to the court, and thereupon the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a dismissal of the action or of any claim on the ground that upon the facts and upon the law the plaintiff has shown no right to relief. Whether the action is tried with or without a jury, such motion shall be denied if the evidence, together with the legitimate inferences therefrom, could sustain a judgment in plaintiff's favor.

We apply this standard when reviewing a trial court's dismissal under the Rule. See Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (citing Fox v. Millman, 210 N.J. 401, 428 (2012)).

As we have explained, during the presentation of plaintiff's case, defendant asked to present testimony from Luna, who had been waiting in court to testify. The judge exercised his authority under Rule 611(a), and allowed defendant to present testimony from Luna before plaintiff had completed the presentation of its case. Rule 611(a) provides that:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
>
> [N.J.R.E. 611(a).]

Thus, Rule 611(a) allowed the judge to hear Luna's testimony before plaintiff completed the presentation of its case, but the Rule did not authorize the court to dismiss plaintiff's complaint. See Peterson v. Peterson, 374 N.J. Super. 116, 125 (App. Div. 2005). The dismissal of a complaint during trial is governed by Rule 4:37-2. Here, the court erred by dismissing the complaint before plaintiff completed its cross-examination of Luna and before plaintiff completed the presentation of its case. See Perth Amboy Iron Works, Inc. v. Am. Home Assurance Co., 226 N.J. Super. 200, 215 (App. Div. 1988), aff'd o.b., 118 N.J. 249 (1990).

We are nevertheless convinced the error was harmless. See R. 2:10-2. As stated previously, the annual registration statement for 2016 reported that the total rent for defendant's apartment was $320, and the statement that plaintiff filed for 2017 reported that the total rent had increased to $984.89. Luna

testified that annual increases are generally limited to the increase in the CPI, and the new rent reported for 2017 was not "the appropriate rent."

In cross-examining Luna, plaintiff's counsel apparently sought to establish that the rent reported for 2017 was lawful because defendant had been paying a discounted rent while he was serving as the building's superintendent. Plaintiff's counsel also may have been attempting to show that the rent for 2017 was lawful, based on the rent charged for the apartment before defendant began to reside there. Luna could not, however, provide any definitive interpretations of the Town's rent control ordinance, nor could she offer an opinion as to the amount of rent that plaintiff could lawfully charge for defendant's apartment.

We note that ordinarily, a property owner in a municipality subject to rent control is not required to obtain the approval of a RCB every time the owner tenders a new lease to a tenant with an increase in rent. In this case, however, the annual registration statements for 2016 and 2017 showed an increase in rent for defendant's apartment, which exceeded the increase permitted under the Town's rent control ordinance. Furthermore, a matter was pending before the RCB, and it was expected to determine the rent that plaintiff could lawfully charge for defendant's apartment.

The trial judge correctly found that, under these circumstances, there was an issue as to the lawful rent plaintiff could charge for defendant's apartment, and that the RCB should make that determination in the first instance, based on its interpretation and application of the Town's rent control ordinance. The judge correctly decided that plaintiff should exhaust its administrative remedies before the RCB before seeking to remove defendant from the premises. See Brunetti v. Borough of New Milford, 68 N.J. 576, 588-91 (1975).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4523-17T1