**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHAEL SEAN EDMOND,

    Plaintiff-Appellant,

v.

NIGHTHAWK SYSTEMS, INC., dba
Prentice-Hall Corporation System,
Inc.; WALTER PORTABLE
EQUIPMENT, INC., aka Kidde
Safety, dba Prentice-Hall Corporation
System, Inc., and VOLT
MANAGEMENT CORPORATION,
aka Volt Temporary Services, dba The
Corporation Company.

    Defendants-Appellees.

No. 02-1508
(Colorado)
(D.Ct. No. 01-Z-1737)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

    Mr. Michael S. Edmond appeals the district court's denial of his motion to

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

reconsider the dismissal of his case.[1]  On August 17, 2001, Mr. Edmond filed a

civil rights complaint in district court, along with a prisoner's motion and

affidavit for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[2]

The district court granted the *pauperis* motion on September 4, 2001, but required

Mr. Edmond to pay the full amount of the $150.00 filing fee in installments, the

first of which was five dollars due within thirty days.  In the alternative, the

district court allowed Mr. Edmond thirty days to show cause why he had no assets

to pay the installment.  The show cause order clearly stated, "the plaintiff must

file a current certified copy of his trust fund account statement," or risk the

dismissal of his case.  *Edmond v. Nighthawk Systems, Inc.*, No. 01-1737,

Magistrate Order at 2, (Sept. 4, 2001).  Mr. Edmond sent a timely letter to the

clerk of court explaining why he had no assets to pay the five dollar fee, but he

did not submit a copy of his trust fund account statement as directed by the court.

He disregarded the court's specific instruction on his personal belief that the trust

fund account statement filed with his August 2001 complaint was sufficient

because nothing in his financial situation had changed.  The five dollar

---

[1]  Throughout all proceedings in the district court, Mr. Edmond never retained counsel, and he continues to act pro se in this appeal.  Accordingly, we construe his appeal liberally.  *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]  Mr. Edmond filed his civil rights complaint (and this appeal) while incarcerated; however, the complaint concerned a pre-incarceration situation.

installment was never paid. The district court dismissed his complaint without prejudice on October 17, 2001.

Ten days shy of a year later, Mr. Edmond filed a motion to reconsider the dismissal pursuant to Fed. R. Civ. P. 60(b)(1)[3] and (6). He made no payment, but explained he did not file a copy of his trust fund account statement, as required by the district court, because he believed "it would have been redundant and futile" since his financial status had not changed. (Motion to Reconsider at 2, ¶ 7). The district court treated his motion as a Rule 60(b) motion, concluded his stated justification fell short of the extraordinary circumstances necessary to justify relief pursuant to Rule 60(b), and denied the motion to reconsider on October 17, 2002. Mr. Edmond filed a notice of appeal from that decision on November 18, 2002.[4]

We review denial of a Rule 60(b) motion for abuse of discretion. *Plotner*

---

[3] A Rule 60(b)(1) motion "shall be made within a reasonable time," but never more than one year after the judgment was taken. Fed. R. Civ. P. 60(b)(1). Because we find the district court's reasoning sound, it is unnecessary to decide whether Mr. Edmond's Rule 60(b) motion was filed within a reasonable time, but we are inclined to think not.

[4] Simultaneously with his notice of appeal, Mr. Edmond filed with the district court a request to proceed on appeal *in forma pauperis*. After offering Mr. Edmond the opportunity to cure deficiencies, the district court denied him *in forma pauperis* status, reasoning that he had failed to submit a copy of his trust fund statement that reflected the six-month period immediately preceding the filing of his notice of appeal. The statement filed dated back to July 2002, only five months before his November notice of appeal.

*v. AT & T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000). Reversal is warranted "only if we find a complete absence of a reasonable basis and are certain that the district court's decision is wrong." *Id*. Mr. Edmond recognizes a Rule 60(b) motion is granted only when there are "exceptional circumstances" to justify relief. *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (citation omitted). He makes two claims of exceptional circumstances. First, because the statute of limitations now prevents him from refiling his civil rights complaint, he claims relief from dismissal is necessary. Second, even though he admits his failure to fully comply with the district court's order to show cause (by failing to submit a current copy of his trust fund account) he claims he should have been granted a grace period to pay the five dollar installment. Mr. Edmond did not present either theory to the district court, and as a consequence, we will not consider arguments mounted for the first time on appeal. *Tele-Communications, Inc. v. Comm'r*, 104 F.3d 1229, 1233 (10th Cir. 1997).

Regardless of the merits, his obstinance and refusal to abide the court's requirements seems inexplicable. Even now, he makes no attempt to show why he could not comply with the court's order. Instead he simply argues his non-compliance should have been excused. Mr. Edmond was given ample opportunity to contest the minimal filing fee by merely submitting a current copy of his trust fund account to the court. Moreover, had he complied during the eleven months

4

of inactivity, his 60(b) motion might have had more resonance with the district court. Leniency is not mandated to accommodate his obstinacy and procrastination.

We **DISMISS** this appeal as frivolous. The motion to proceed *in forma pauperis* on appeal is **DENIED** pursuant to 28 U.S.C. § 1915(a)(1). Mr. Edmond must immediately pay the full appellate filing fee.

Mr. Edmond has filed a "Motion for Issuance of Judgment" with this Court on May 19, 2003. His motion requests the appeal be decided without considering appellee's brief or permitting oral argument. The motion is moot and therefore **DENIED**.

Entered by the Court:

TERRENCE L. O'BRIEN
United States Circuit Judge