**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KARIM MARDANLOU,

　　　　Plaintiff-Appellant,

v.

GENERAL MOTORS
CORPORATION, a Delaware
corporation; and Does I through V,

　　　　Defendants-Appellees.

Nos.　01-4076 & 01-4257
(D.C. No. 2:98-CV-359-C)
(D. Utah)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Karim Mardanlou appeals from the district court's denial of two Fed. R. Civ. P. 60(b) motions. He argues that the district court abused its discretion in considering the motions only under Rule 60(b)(3), instead of also considering them under Rule 60(b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's orders.

Mr. Mardanlou, who was represented by counsel, sued defendant General Motors Corp. after sustaining personal injuries in a vehicle accident. The parties entered into a settlement agreement. About nine months later, Mr. Mardanlou filed a pro se motion to set aside the settlement, asserting mediator bias and pressure to settle by the court, the mediator and his own attorney. In his reply to General Motors' opposition to his motion, he further asserted that he was taking medications during the settlement talks, which caused him to be "easily manipulated and persuaded." Aplt. App. at 47. Deeming the motion to be filed under Rule 60(b)(3), the district court denied it, finding no fraud, misrepresentation or misconduct by General Motors. Mr. Mardanlou appealed, No. 01-4076. Six months later, he filed a pro se motion to reconsider the denial of the motion to set aside the settlement, contending the district court failed to address whether his medications affected his mental competence to enter into the settlement agreement. The district court again denied relief under Rule 60(b)(3),

-2-

acknowledging Mr. Mardanlou's diminished mental capacity argument.

Mr. Mardanlou appealed, No. 01-4257. [1]

"We review the district court's denial of a Rule 60(b) motion for abuse of discretion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Rule 60(b) "relief is extraordinary and may only be granted in exceptional circumstances." *Id.* (internal quotations omitted). Thus, we will reverse the district court's determination "only if we find a complete absence of a reasonable basis and are certain that the . . . decision is wrong." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1232 (10th Cir. 1999) (internal quotation omitted); *accord Plotner v. AT&T Corp.*, 224 F.3d 1161, 1174 (10th Cir. 2000).

Mr. Mardanlou argues that the district court abused its discretion by failing to consider, under Rule 60(b)(1), the effect of his medications on his mental competence to enter into the settlement agreement. Specifically, he contends the district court should have considered his assertion that he did not understand that by signing the settlement agreement he was waiving any right to further reimbursement by General Motors.

Rule 60(b)(1) provides that a district court may grant relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect."

---

[1] This court consolidated these two appeals for procedural purposes.

[T]he "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.

*Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996). "If the mistake alleged is a party's litigation mistake, we have declined to grant relief under Rule 60(b)(1) when the mistake was the result of a deliberate and counseled decision by the party." *Id.* at 577; *see also Yapp*, 186 F.3d at 1231. "Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." *Cashner*, 98 F.3d at 577; *see also Yapp*, 186 F.3d at 1231. Also, "Rule 60(b) does not provide relief for mistakes made in the negotiation of a contract or a stipulation . . . ." *Cashner,* 98 F.3d at 578.

It is undisputed that Mr. Mardanlou, with advice from counsel, made a deliberate choice to settle. Without expressing any dissatisfaction, he signed the agreement twenty days after it was reached. He declared that he had discussed the agreement with his attorney and that he understood the agreement fully settled all claims. Aplt. App. at 32. Because Mr. Mardanlou took deliberate action upon advice of counsel and simply misapprehended the consequences of that action, Rule 60(b)(1) relief is not available. *Cashner*, 98 F.3d at 578. [2]

---

[2] Moreover, the record does not support Mr. Mardanlou's assertion that the medications had an effect on his ability to enter into the settlement agreement.

(continued...)

-4-

The second motion was inappropriate for two reasons. First, to the extent it asserts judicial mistake by challenging the district court's ruling on the first motion, it was untimely. "[W]hen Rule 60(b)(1) is used to challenge a substantive ruling by the district court, we have required that such a motion be filed within the time frame required for the filing of a notice of appeal." *Id.* Filing the second motion six months after the court's ruling clearly was not within the thirty-day appeal time. *Id.* at 579. Second, the motion merely improperly expanded upon the argument previously advanced in the reply filed in connection with the first motion and merely provided supporting facts available at the time of the first motion. *See Servants of the Paraclete*, 204 F.3d at 1012.

---

[2](...continued)
His physician, Dr. John Speed, merely speculated the medications "*could possibly* affect cognitive functioning to such a degree that, for example, the ability to enter into contractual arrangements under the influence of these medications *could* be seriously compromised." Aplt. App. at 70-71 (emphasis added). Also, although Mr. Mardanlou maintains "he did not have the legal capacity to make the alleged contract in question," *id.* at 59, at his deposition, over seven months before the stipulation was signed, he had testified that his medications did not make it difficult for him to participate in the deposition or to understand the questions asked, *id.* at 76-77. Also, at that time, his attorney sensed Mr. Mardanlou was experiencing no difficulty. *Id.* at 77. Mr. Mardanlou neither explains why his medications caused him problems at the time of the settlement agreement, but not at the time of his deposition, nor asserts he was taking different medications at the time of the deposition. *See id.* at 59 (asserting he took medications for significant period before mediation).

Because we can discern no exceptional circumstances warranting Rule 60(b) relief in this case, we conclude the district court did not abuse its discretion in denying such relief. [3]

The district court's orders are AFFIRMED.

Entered for the Court

Stephanie K. Seymour
Circuit Judge

---

[3]   Although Mr. Mardanlou listed the duress and bias issues in his brief, *see* Aplt. Br. at 2, his argument focused only on whether Rule 60(b) relief was warranted due to diminished mental capacity.  We, however, have also considered these issues, and we conclude the district court did not abuse its discretion in denying Rule 60(b) relief on bias or duress grounds.  *See Servants of the Paraclete* , 204 F.3d at 1009.