**UNITED STATES COURT OF APPEALS**

September 20, 2018

**TENTH CIRCUIT**

---

CHESTER L. BIRD,

       Petitioner - Appellant,

    v.

MICHAEL PACHECO, Warden,
Wyoming State Penitentiary, Wyoming
Department of Corrections;
WYOMING ATTORNEY GENERAL,

       Respondents - Appellees.

No. 18-8038
(D.C. No. 2:17-CV-00053-ABJ)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BACHARACH**, **MURPHY,** and **MORITZ**, Circuit Judges.

---

This matter is before the court on Chester Bird's pro se request for a

certificate of appealability ("COA"). We **deny** his request for a COA and **dismiss**

this appeal.

On March 24, 2017, Bird filed a 28 U.S.C. § 2241 application challenging

the outcome of a Wyoming state prison disciplinary proceeding in which Bird was

found guilty of disseminating pornographic material. The district court denied

Bird's § 2241 petition, concluding Bird's disciplinary proceeding complied with

the dictates of the Fourteenth Amendment's Due Process Clause. Bird then

sought to bring an appeal to this court.  We denied Bird a COA and dismissed his appeal.  *Bird v. Pacheco*, 729 F. App'x 627 (10th Cir. 2018).  In so doing, this court concluded "no jurist could reasonably assert" that Bird's disciplinary hearing did not comply with the "minimal procedural requirements" for such proceedings.  *Id.* at 630.

Bird then filed the instant Fed. R. Civ. P. Rule 60(b) motion in district court seeking to challenge the district court's determination, in the order denying Bird's § 2241 petition, "that there was no genuine dispute of material fact with regard to whether Bird requested witnesses in advance of his . . . disciplinary hearing."  The district court denied Bird's motion, concluding it was nothing more than a blatant attempt to relitigate issues previously addressed by the court.  *See, e.g.*, *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996) ("We . . . have held that Rule 60(b)(1) is not available to allow a party merely to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original petition.").  The district court further concluded that nothing in Bird's Rule 60(b) motion demonstrated the kind of "extraordinary circumstances" necessary to justify relief under Rule 60(b)(6).  *See Buck v. Davis*, 137 S. Ct. 759, 772 (2017).

Bird seeks a COA so he can appeal the district court's denial of his Rule 60(b) motion.  *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (holding

that state prisoners proceeding under § 2241 must obtain a COA to proceed on appeal); *Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006) (holding that when a district court denies a "true" 60(b) motion, this court "will require the movant to obtain a [COA] before proceeding with his . . . appeal"). To obtain a COA, Bird must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Under that standard, this court will not issue a COA unless "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As a further overlay on this standard, this court reviews the district court's denial of a Rule 60(b) motion for abuse of discretion. *Okla. Radio Assocs. v. FDIC*, 987 F.2d 685, 697 (10th Cir. 1993).

Having reviewed the entire record on appeal, the district court order denying Bird's Rule 60(b) motion, and Bird's appellate brief, we conclude Bird is not entitled to a COA. There is simply no doubt Bird's Rule 60(b) motion attempts to relitigate issues already resolved in his § 2241 proceeding. Furthermore, Bird has failed to show extraordinary circumstances because the very issue he seeks to raise in his Rule 60(b) motion, the correctness of the district court's conclusion in the underlying litigation that he did not request witnesses at his disciplinary hearing, is simply not material. In this court's order

-3-

denying Bird a COA and dismissing his appeal from the denial of his § 2241 petition, we noted there was a serious question as to the correctness of the district court's conclusion that Bird did not request any witnesses for his disciplinary hearing. *Bird*, 729 F. App'x at 630. *Bird* concluded the evidentiary dispute was irrelevant, however, because

> a prisoner cannot maintain a due process claim for failure to permit witness testimony unless he also shows that the testimony would have affected the outcome of his case. Here, there is no indication that the testimony of unnamed staff witnesses at the disciplinary hearing would have altered the outcome of the proceeding. As such, Bird has failed to show that the denial of witnesses—assuming for the sake of argument that Bird was denied staff witnesses—was a due process violation. Simply put, a denial of witnesses is not a per se violation of due process in the context of prison disciplinary proceedings.

*Id.* at 630-31 (quotations and citations omitted). All this being the case, no reasonable judge could conclude the district court abused its discretion in denying Bird's Rule 60(b) motion and, thus, Bird has not made a substantial showing of the denial of a constitutional right. Bird's request for a COA is **DENIED** and this appeal is **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-