**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 9, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRYAN RICHARD HOWARD,

    Plaintiff - Appellant,

v.

RAY RODGERS; DOUG
WETTLAUFFER; PAUL LEONHARD;
ROGER CROOKS; KIMBERLY
MAURELLI,

    Defendants - Appellees.

No. 19-3036
(D.C. No. 5:17-CV-03019-DDC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Bryan Howard, a federal prisoner proceeding pro se,[1] brought suit under 42

U.S.C. § 1983 and _Bivens v. Six Unknown Named Agents of Federal Bureau of_

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] As we discuss below, Howard was initially represented by counsel. But he later proceeded pro se in district court and likewise proceeds pro se on appeal. Although we liberally construe his pro se filings, we won't act as his advocate by, e.g., formulating possible arguments or combing the record for support. _See Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

*Narcotics*, 403 U.S. 388 (1971), against several Bureau of Prisons (BOP) officials and staff members, including Ray Rodgers, Doug Wettlauffer, Paul Leonhard, Roger Crooks, and Kimberly Maurelli (collectively, the defendants), alleging they violated his Eighth Amendment rights.[2] Specifically, Howard alleged that Rodgers sexually assaulted him while Howard was incarcerated at a federal penitentiary, and that Wettlauffer, Leonhard, Crooks, and Maurelli failed to stop Rodgers.

The defendants moved for summary judgment, arguing that Howard failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA) of 1995, 42 U.S.C. § 1997e. *See* § 1997e(a) ("No action shall be brought with respect to prison conditions under . . . [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility[,] until such administrative remedies as are available are exhausted."). Howard, who was then represented by counsel, disagreed; he insisted that he exhausted his administrative remedies by complying with the directions set forth in the BOP's "Sexual Abuse Behavior Prevention and Intervention Program." R. vol. 1, 104.

In evaluating Howard's response to the defendant's motion, the district court first noted that Howard failed to provide specific citations to the relevant parts of the summary-judgment record, as required by local rule. *See* D. Kan. Rule 56.1(b). And based solely on the facts that were "properly" before it, the district court determined

---

[2] Howard named additional defendants in his initial pleadings, but they are not parties to this appeal.

that Howard failed to exhaust his administrative remedies. R. vol. 1, 199. Thus, the district court granted the defendants' motion for summary judgment.

Howard's attorney then withdrew, and Howard filed a pro se motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure. The district court denied the motion, concluding that Howard failed to identify "the kind of extraordinary circumstances required to grant [him] relief" from the court's order granting summary judgment to the defendants. *Id.* at 221–22; *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) ("[A] district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances and only when necessary to accomplish justice.").

Howard now appeals, arguing the district court erred in granting the defendants' motion for summary judgment and in denying his Rule 60(b)(6) motion. But in doing so, Howard fails to explain in his opening brief precisely *how* the district court allegedly erred. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong."). For instance, Howard doesn't (1) dispute that he failed to provide the requisite citations to the record in his response to the defendants' motion for summary judgment or (2) assert the district court erred in concluding that, based on the facts that were properly before it, Howard failed to exhaust his administrative remedies. Nor does Howard meaningfully engage with the district court's reasons for denying his Rule 60(b)(6) motion. Further, to the extent Howard's opening brief contains any arguments at all, Howard fails to support those

3

arguments "with citations to the authorities and parts of the record on which [he] relies." Fed. R. App. P. 28(a)(8)(A); *see also Garrett*, 425 F.3d at 840–41 (noting that Rule 28 applies with equal force to pro se litigants). Accordingly, Howard has waived any challenge to the district court's rulings. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting that we regularly "decline[] to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief"). We therefore affirm the district court's orders granting summary judgment to the defendants and denying Howard's Rule 60(b)(6) motion. *See Nixon*, 784 F.3d at 1369 (summarily affirming district court's order dismissing claim because appellant's brief "contain[ed] nary a word to challenge the basis of the dismissal").

Finally, Howard asks us both to appoint "a lawyer to help [him]" and to allow him to proceed in forma pauperis (IFP) on appeal. Aplt. Br. 4. Although we have authority to "request an attorney to represent any person unable to afford counsel," we decline to do so here. 28 U.S.C. § 1915(e)(1); *cf. Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (affirming district court's order denying motion to appoint counsel because "even with appointed counsel," plaintiff had little chance of success on the merits). And because Howard fails to "show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised" in this appeal, we likewise deny his motion to proceed IFP. *Lister v. Dep't Of Treasury*, 408

4

F.3d 1309, 1312 (10th Cir. 2005).  Howard remains obligated to pay the full filing fee.

Entered for the Court


Nancy L. Moritz
Circuit Judge
