**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2936-23

TODD STEPHANS,

    Plaintiff-Appellant,

v.

NEW YORK, SUSQUEHANNA
AND WESTERN RAILWAY,

    Defendant-Respondent.

_____

          Argued September 10, 2025 – Decided January 27, 2026

          Before Judges Mayer and Gummer.

          On appeal from the Superior Court of New Jersey, Law
          Division, Bergen County, Docket No. L-6191-19.

          Thomas J. Joyce, III (Bern Cappelli LLC) argued the
          cause for appellant.

          Laura M. Danks argued the cause for respondent
          (Capehart & Scatchard, PA, attorneys; Christopher J.
          Hoare and Laura M. Danks, on the brief).

PER CURIAM

Plaintiff Todd Stephans appeals from an April 12, 2024 order denying his motion for relief pursuant to Rule 4:50-1 from a June 9, 2023 order granting summary judgment in favor of his former employer, defendant New York, Susquehanna and Western Railway.[1]  Perceiving no abuse of discretion, we affirm.

I.

We summarize the key facts and procedural history at issue in this appeal. On April 10, 2019, plaintiff filed a complaint against defendant in Pennsylvania's Court of Common Pleas.  In a July 1, 2019 stipulation, the parties agreed to the dismissal of the complaint without prejudice.  They also agreed that if plaintiff "refiled [the complaint] within [sixty] days in either state or federal court in New Jersey then the filing date to be used for statute of limitations purposes in New Jersey [would] be April 10, 2019."

On August 29, 2019, plaintiff filed a complaint in the Superior Court of New Jersey seeking relief pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51 to 60.  Plaintiff alleged he had worked for defendant as a car inspector and locomotive mechanic from 1994 to 1999 and 2004 through

---

[1]  Plaintiff referenced other orders in his notices of appeal.  At oral argument, we were advised plaintiff's appeal is limited to the April 12, 2024 order.

A-2936-23

the filing of the complaint. He claimed that during his employment, he had been "exposed on a daily basis to excessive amounts of" various "cancer causing materials" that defendant knew or should have known were "deleterious, poisonous and highly harmful to his health." He asserted that exposure and defendant's negligence "in whole or in part, caused or contributed to his development of bladder cancer." According to plaintiff, less than three years before he filed the complaint, he learned defendant's negligence had caused the cancer.

Plaintiff confirmed during his deposition that he had been diagnosed with bladder cancer in May of 2014. Plaintiff testified that after rendering the diagnosis, his doctor, John F. Kerns, had told him the cancer had "something to do with what [he was] breathing in at work." According to plaintiff, he left the appointment understanding the "bladder cancer had something to do with [his] job at the railroad." Plaintiff also testified that since his initial treatment, the cancer had not "re-emerged."

After plaintiff's deposition, defendant moved for summary judgment based on FELA's three-year statute of limitations. In a June 22, 2022 order with an attached rider, the court in part granted the motion "as to any injury which existed in 2014 when plaintiff clearly was apprised of the potential causal

connection between his bladder cancer and working conditions." The court found "[a] claim under FELA is subject to a three year statute of limitations, but an aggravation o[f] injury worsened while working may be pursued if within the three year period." Noting "no medical expert opinions [had] been provided in discovery," the court denied the motion in part because the court could not "determine if there was any aggravation of plaintiff's alleged injury/cancer within the period of the statute of limitations." The court denied defendant's subsequent reconsideration motion in an August 5, 2022 order.

On September 6, 2022, plaintiff filed an amended complaint. In that pleading, plaintiff stated his employment with defendant had ended in September 2021. Plaintiff alleged in the amended complaint his post-diagnosis exposure to diesel exhaust and defendant's negligence had "aggravated" the bladder cancer or increased the risk of its recurrence. He also faulted defendant for continuing after his diagnosis to expose him to diesel exhaust, asbestos, and second-hand smoke, allegedly resulting in an aggravation of the cancer or increased risk of recurrence.

After the discovery period ended following multiple extensions, defendant again moved for summary judgment. Relying on various exhibits including plaintiff's medical records and his deposition testimony, defendant argued

plaintiff's aggravation claim had failed because "[d]espite the new allegations of 'aggravated' injury, it is undisputed that [p]laintiff has remained cancer free since 2015."

After hearing argument on June 9, 2023, the court placed a decision on the record and entered an order granting the motion. The court found it "undisputed that . . . plaintiff is cancer free" and, consequently, "there [was] no damage here that c[ould] be proved." The court held that because neither the court nor a jury could speculate as to what "damages would flow from the reoccurrence of cancer," defendant was entitled to summary judgment. The court did not preclude plaintiff from filing another claim if he "does incur another bout of cancer."

Plaintiff moved for reconsideration. In support of the motion, plaintiff submitted medical records from Dr. Kerns and his counsel's certification. In that certification, counsel stated that after the latest summary-judgment argument, he had "reviewed additional supplemental medical records from Dr. John K[erns], who was [plaintiff's] treating urologist, that revealed that [p]laintiff was diagnosed with a new bladder cancer in 2016 within the applicable statute of limitations." Specifically citing an October 4, 2016 treatment note, counsel characterized the records as "new evidence" he was "not

aware of as of the time of the summary judgment hearing" and asked the court to reconsider the summary-judgment order.

The court denied the motion without prejudice in an August 4, 2023 order. The court required plaintiff to submit in any subsequent reconsideration motion a certification from Dr. Kerns, "either clarifying the contents of his report or confirming whether [p]laintiff in fact had a recurrence or new diagnosis of his bladder cancer after April 10, 2016," the date plaintiff had filed the complaint in the Law Division.

On January 18, 2024, plaintiff again moved for reconsideration. In support of that motion, plaintiff counsel submitted his counsel's certification, a December 18, 2023 affidavit from Dr. Kerns, an April 27, 2021 diagnostic report from a test Dr. Kerns had ordered, and a May 6, 2021 treatment note from Dr. Kerns. In the affidavit, Dr. Kerns quoted from his 2016 treatment notes and the 2021 test result. He opined plaintiff had "suffered several recurrent bladder tumors subsequent to the initial diagnosis of bladder cancer on May 27, 2014" and had been "diagnosed with a concurrent/recurrent urothelial dysplasia/ neoplasia on April 27, 2021." Characterizing those opinions as confirmation plaintiff had had a recurrence of the cancer in April 2021, counsel asked the court to vacate the June 9, 2023 summary-judgment order.

6

In opposition, defense counsel certified that medical records from Dr. Kerns's file, including the April 27, 2021 report, had been produced in discovery on November 5, 2021. Defense counsel also referenced plaintiff's testimony from his April 28, 2022 deposition in which plaintiff stated the cancer had not "re-emerged" and that Dr. Kerns had told him during his April 2021 visit that "everything was okay."

In a February 16, 2024 order, the court denied the second reconsideration motion as untimely under Rule 4:49-2.

On March 21, 2024, plaintiff moved for relief from the June 9, 2023 summary-judgment order pursuant to Rule 4:50-1. In a certification submitted in support of the motion, plaintiff's counsel asked the court to grant relief pursuant to Rule 4:50-1, contending Dr. Kerns's December 18, 2023 affidavit "constitute[d] newly discovered evidence which probably alters the order which by due diligence could not have been discovered in time to timely file [p]laintiff's [s]econd [m]otion for [r]econsideration under Rule 4:49-2." In his brief in support of the motion, plaintiff made uncertified statements regarding the efforts he and his counsel had made to obtain the affidavit from Dr. Kerns. In opposition, defense counsel contended that referencing a "three-year-old report in a new affidavit does not make it new evidence."

7

The court denied the motion in an April 12, 2024 order, finding "no new evidence [had been] presented." This appeal of that order followed.

II.

Whether to grant relief pursuant to Rule 4:50-1 "is left to the sound discretion of the trial court." 257-261 20th Ave. Realty, LLC v. Roberto, 259 N.J. 417, 436 (2025) (quoting Mancini v. EDS ex. rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993)). We review that decision under an abuse of discretion. Ibid. "An abuse of discretion exists 'when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" D.M.C. v. K.H.G., 471 N.J. Super. 10, 27 (App. Div. 2022) (quoting U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012)) (internal quotation marks omitted).

On appeal, plaintiff faults the trial court for its analysis under paragraph (b) of Rule 4:50-1 and for not considering his motion for relief under paragraph (a). Defendant contends the court correctly denied the motion under paragraph (b) and that we should not consider plaintiff's argument under paragraph (a) because plaintiff did not present that argument to the trial court. See Alloco v. Ocean Beach & Bay Club, 456 N.J. Super. 124, 145 (App. Div. 2018) (applying "well-settled" principle that appellate court will not consider an issue that was

not raised before the trial court). The appellate record does not include a copy of plaintiff's notice of motion, and neither paragraph was specifically referenced in the certification or brief submitted in support of the motion. But under either paragraph, we perceive no abuse of discretion.

"Rule 4:50-1 provides for relief from a judgment in six enumerated circumstances." D.M.C., 471 N.J. Super. at 26. The Rule is not a "pathway to reopen litigation" but is rather a "carefully crafted vehicle intended to underscore the need for repose while achieving a just result." Ibid. (quoting DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009)); see also Satz v. Starr, 482 N.J. Super. 55, 61 (App. Div. 2025) ("The [Rule] is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." (alteration in original) (quoting Guillaume, 209 N.J. at 467) (internal quotation marks omitted)).

"Rule 4:50-1(a) provides relief when a judgment has been entered as a result of 'mistake, inadvertence, surprise, or excusable neglect.'" DEG, 198 N.J. at 262 (quoting R. 4:50-1(a)). The Court described the mistakes encompassed by Rule 4:50-1(a) as "litigation errors 'that a party could not have protected against.'" Id. at 263 (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577

(10th Cir. 1996)); see also Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 290 (App. Div. 2021).  The rule is intended to correct "situations in which a party, through no fault of its own, has engaged in erroneous conduct or reached a mistaken judgment on a material point at issue in the litigation."  DEG, 198 N.J. at 262.  For example, a failure to present timely "appropriate expert testimony . . . is not sufficient to relieve a party from a final judgment or order" under Rule 4:50-1(a).  Id. at 263.

A party may seek relief pursuant to Rule 4:50-1(b) by presenting new evidence to the court.  "To obtain relief from a judgment based on newly discovered evidence, the party seeking relief must demonstrate 'that the evidence would probably have changed the result, that it was unobtainable by the exercise of due diligence for use at the trial, and that the evidence was not merely cumulative.'"  DEG, 198 N.J. at 264 (quoting Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 445 (1980)).  A party seeking relief must satisfy all three of these requirements.  Ibid.  "[E]vidence justifying relief is evidence that could not have been discovered by due diligence in time to move for a new trial." Posta v. Chung-Loy, 306 N.J. Super. 182, 206 (App. Div. 1997).

Plaintiff failed to establish entitlement to relief under either paragraph (a) or (b) of Rule 4:50-1.  The information about plaintiff's health status was

available to plaintiff and his counsel no later than November 5, 2021, when Dr. Kerns's records, including the April 2021 report, were produced in discovery -- months before plaintiff testified in his deposition that the cancer had not "re-emerged." The purported mistaken assertion about plaintiff's cancer-free status does not constitute a "litigation error[] 'that a party could not have protected against.'" DEG, 198 N.J. at 263 (quoting Cashner, 98 F.3d at 577).

Plaintiff contends in his reply brief "the testimony of Dr. John F. Kerns in the form of a certification" was "new evidence [that] was not available until after the trial court granted [d]efendant's second motion for summary judgment . . . ." Plaintiff filed this lawsuit in 2018. The "new" testimony at issue was from his treating physician, whom plaintiff had seen during the course of this litigation, and was about a report issued in April 2021 and treatment rendered before then. On that record, plaintiff failed to demonstrate that evidence was not available to him until after the court granted summary judgment or that it was not discoverable by due diligence.

Perceiving no abuse of discretion in the court's denial of plaintiff's motion for relief under Rule 4:50-1, we affirm the April 12, 2024 order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division