**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2086-24

MAXI CONSTRUCTION, INC.,

    Plaintiff-Respondent,

v.

D & W SHIN REALTY
CORPORATION and RODEO
PLAZA SCREEN GOLF, LLC,

    Defendants-Appellants.

_____

          Submitted March 18, 2026 – Decided April 7, 2026

          Before Judges Gummer, Paganelli, and Vanek.

          On appeal from the Superior Court of New Jersey, Law
          Division, Bergen County, Docket No. L-2713-22.

          Matthew Jeon, attorney for appellants.

          Charles I. Epstein, attorney for respondent.

PER CURIAM

    In this construction-lien case, defendants D & W Shin Realty Corp. and

Rodeo Plaza Screen Golf, LLC appeal from an order denying their motion to

reconsider an order confirming an arbitration award and entering judgment against them. Perceiving no abuse of discretion, we affirm.

On May 18, 2022, plaintiff Maxi Construction, Inc. filed a complaint against defendants in the Law Division, seeking to enforce a construction lien and to collect money defendants purportedly owed plaintiff pursuant to a contract between the parties. Defendants responded with an answer and counterclaim, alleging, among other things, plaintiff had breached the contract by failing to complete all of the work pursuant to the contract and by rendering "shoddy" and "defective" work. The parties subsequently agreed to submit the case to arbitration, and the court dismissed the case without prejudice.

After conducting a multi-day hearing, the arbitrator issued a final award and decision on October 31, 2024, finding in plaintiff's favor. The arbitrator awarded plaintiff $202,819.99, which included prejudgment interest; found the construction lien valid and enforceable; and denied all remaining claims the parties had not abandoned previously. In the final award, the arbitrator stated: "[p]laintiff may submit this [a]ward to the Superior Court for confirmation of the [a]ward and entry of judgment in accordance with N.J.S.A. 2A:23B-22 and -25."

On December 16, 2024, plaintiff moved for an order reinstating the case,

confirming the arbitration award, and entering judgment against defendants. Plaintiff clearly set forth the relief it sought in its notice of motion, its proposed form of order, and the brief and certification submitted in support of the motion. On January 6, 2025, the court entered an order granting the motion and relief requested by plaintiff, noting the motion had been "unopposed."

On January 20, 2025, defendants moved for reconsideration, citing Rule 4:49-2 in its accompanying brief. In support of the motion, defense counsel certified that on December 16, 2024, he had received an eCourts notification regarding plaintiff's "[m]otion to [r]einstate the case." Counsel indicated he had no objection to reinstating the case because he planned to move to vacate the arbitration award and understood the case had to be reinstated so that plaintiff could move to confirm the award. He believed he had "no need to oppose the motion." When he reviewed the January 6, 2025 order after receiving the eCourts notification about its entry, he was "surprise[d]" the court had confirmed the arbitration award and entered judgment against defendants in addition to reinstating the case. According to counsel, if the eCourts notification about the motion had "indicated that there were other ancillary application[s] of major consequences, [he] would have opposed the motion." Plaintiff opposed defendants' reconsideration motion.

3

On February 18, 2025, the court entered an order with an accompanying rider denying the motion for reconsideration. The court found defendants had "failed to sufficiently demonstrate any basis to reconsider the court's order." This appeal followed.

"[A] motion for reconsideration provides the court, and not the litigant, with an opportunity to take a second bite at the apple to correct errors inherent in a prior ruling." Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015). A court should reconsider an order only if it "fall[s] into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

"[A] trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015); see also Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021) (same). "An abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible

basis.'" <u>Pitney Bowes Bank, Inc.</u>, 440 N.J. Super. at 382 (quoting <u>Flagg v. Essex Cnty. Prosecutor</u>, 171 N.J. 561, 571 (2002)) (internal quotation marks omitted).

The court did not abuse its discretion in denying defendants' motion. Defendants incorrectly assert the court failed to consider all of their arguments. In fact, the court examined each of their arguments and took the extra step of reviewing their reconsideration motion not only under <u>Rule</u> 4:49-2, which was the court rule defendants cited in their brief, but also under <u>Rule</u> 4:50-1 and N.J.S.A. 2A:24-8, the statute that authorizes a court to vacate an arbitration award under certain enumerated circumstances. As the court held, defendants did not establish a basis under any of those court rules or the statute for reconsideration of the January 6, 2025 order.

Addressing the remaining arguments defendants raise on appeal, we note, as the trial court found, the arbitration award expressly provided that plaintiff could move for confirmation of the award and entry of judgment pursuant to N.J.S.A. 2A:23B-22 and -25. Nothing in the arbitration award, the court rules, or the applicable statute required plaintiff to first move to reinstate the case and then later separately move for confirmation of the award and entry of judgment. Nothing in the court rules permits a party to rely solely on an eCourts notification in determining whether to oppose a motion. As set forth in <u>Rule</u>

1:6-2(a), the "nature of the relief sought" is set forth in the motion papers, not an eCourts notification. Plaintiff clearly identified the relief it sought in its motion papers consistent with Rule 1:6-2(a). The "failure" identified by defendants does not fall within "the kinds of 'mistakes' contemplated by Rule 4:50-1(a), which is intended to provide relief from litigation errors 'that a party could not have protected against.'" DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 263 (2009) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). Further, no case or court rule requires a court to grant a motion for reconsideration absent prejudice to the party opposing the motion.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2086-24